[Crim. No. 358. In Bank.—November 11, 1897.]

THE PEOPLE, Respondent, v. W. H. T. DURRANT, Defendant.

CRIMINAL LAW—SENTENCE OF DEATH—ERRONEOUS ORDER FIXING DAY FOR EXECUTION—STAY OF PROCEEDINGS—HABEAS CORPUS—PENDENCY OF APPEAL FROM FEDERAL COURT—PRESUMPTION—ABSENCE OF PROOF OF FINAL DECISION.—An appeal to the supreme court of the United States from an order of the circuit court refusing an application for a writ of *habeas corpus* by a prisoner under sentence of death for murder, stays the hands of the state and of the state authorities during its pendency; and it being established from the records of the circuit court that such an appeal was taken, and is pending so far as disclosed by those records, it will be presumed to be still pending, until the presumption is overcome by legal proof, and, where there

was no legal evidence of a final decision of such appeal before the superior court, its order fixing a day for execution of the prisoner is erroneous and reversible upon appeal.

ID.—APPEALABLE ORDER—INSUFFICIENT TIME ALLOWED FOR BILL OF EXCEPTIONS—ABUSE OF DISCRETION.—An order fixing a day for execution of a prisoner under previous sentence of death is appealable: and where such order so limits the time appointed for the death as not to allow the defendant the time guaranteed by law in which to prepare and present his bill of exceptions, it is in violation of his rights, and is a gross abuse of discretion.

APPLICATION in the Supreme Court for a certificate of probable cause to stay proceedings under an order of the Superior Court of the City and County of San Francisco fixing a day for the execution of a sentence of death. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

E. N. Deuprey, J. H. Dickinson, and Louis P. Boardman, for Appellant.

W. F. Fitzgerald, Attorney General, for Respondent.

HENSHAW, J.—This is an application for a certificate of probable cause to stay proceedings under an order of the superior court fixing a day for the execution of the judgment of death heretofore pronounced against appellant.

It is made to appear from the papers on file on this appeal, and presented to us in support of this application, that appellant having been brought before the superior court upon November 10, 1897, it was by that tribunal ordered that sentence of death be executed upon him two days thereafter, to wit, upon Friday, November 12, 1897.

In answer to the statutory demand made upon him to show legal cause why the order should not be made, appellant, by his counsel, offered evidence showing that he had appealed to the supreme court of the United States from an order of the circuit court of the ninth judicial circuit refusing his application for a writ of *habeas corpus,* and introduced in evidence the records of the circuit court tending to show that this appeal was still pending and undecided. Such an appeal, while pending, stays the hands of the state and of the state authorities. (U. S. Rev. Stats., secs. 763-66; *In re Jugiro,* 140 U. S. 291.)

Against the evidence thus offered no counter-showing whatever was made. It thus having been established that the appeal is pending, it will be presumed to be still pending until the presumption is legally overcome. (Code Civ. Proc., sec. 1963, subd. 32.) Therefore, so far as the record now before us discloses, the defendant was subjected to proceedings in a matter involving a federal question which was *sub judice* before the supreme court of the United States. Such proceedings are null and void. (U. S. Rev. Stats., sec. 766.)

The question here presented differs from that considered in the Jugiro case, *supra*. In the latter case Jugiro's appeal from an order of the circuit court denying his application for a writ of *habeas corpus* had been decided adversely to him upon November 24, 1890. Upon December 1, 1890, the mandate of the supreme court not having been issued, he was brought before the court of oyer and terminer in New York, and there by order a day was fixed for his execution. Upon a second appeal under *habeas corpus* proceedings, the contention was made before the supreme court of the United States that this order of the court of oyer and terminer was absolutely void. The supreme court of the United States, stating that it took judicial knowledge of its own decisions, and that therefore itself knew that the former decision had become final, declared that, while "it would have been more appropriate and orderly if the state court had deferred final action until our mandate was issued and filed," it did not "feel authorized to say that the order of the New York court was absolutely void."

In the present case the question is not, What judicial knowledge has the supreme court of the United States of its own decisions? but it is, What legal evidence was adduced before the judge of the superior court to justify him in pronouncing the order in question after a showing by appellant that his appeal staying the hands of the state authorities was still pending? If he had no evidence warranting his act (and none appears in the record presented), then the order is certainly erroneous, and as such reversible upon this appeal; while in the Jugiro case mere matters of error could not be and were not considered.

There is yet another and independent consideration calling for the issuance of the certificate. The order here under con-

sideration is an order made after final judgment. From such an order an appeal to this court lies. (Pen. Code, sec. 1237.) From the date of the making of the order the appellant is guaranteed by the law ten days in which to prepare and present his bill of exceptions. (Pen. Code, sec. 1174.) It is not for one moment to be contemplated that this right, so secured to a defendant, may be cut down and destroyed by an order of court fixing the date of execution of a defendant within this period. Under the law of this state it is a violation of a defendant's rights and a gross abuse of discretion so to shorten the time.

For these reasons a certificate of probable cause will issue.

Temple, J., Van Fleet, J., Harrison, J., Beatty, C. J., and McFarland, J., concurred.

GAROUTTE, J., dissenting.—Upon the authority of *In re Jugiro*, 140 U. S. 291, I dissent from the order granting the certificate of probable cause.