[Crim. No. 672.   In Chambers.—December 12, 1901.]

THE PEOPLE, Respondent, v. BERT ROSS, Appellant.

CRIMINAL LAW—APPEAL FROM ORDER FIXING DATE OF DEATH SENTENCE —SUPERSEDEAS—CERTIFICATE OF PROBABLE CAUSE.—Upon an appeal from an order after final judgment, fixing a date for the execution of a sentence of death in a capital case, the chief justice will not assume the responsibility of granting a certificate of probable cause to operate as a *supersedeas*, but the application should be made to the appellate court. [Per Beatty, C. J.]

ID.—STATUTORY PROVISION LIMITED TO JUDGMENTS.—The statutory provision in section 1243 of the Penal Code, allowing a certificate of probable cause to be signed by the trial judge or a single justice of this court, applies by its terms only to appeals from judgments, and not to appeals from orders after judgment. [Per Beatty, C. J.]

APPLICATION to the Chief Justice of the Supreme Court for a certificate of probable cause, upon appeal from an order of the Superior Court of San Luis Obispo County fixing the date for the execution of a sentence of death. E. P. Unangst, Judge.

The facts are stated in the opinion of the chief justice.

William Graves, for Applicant.

BEATTY, C. J.—The defendant was convicted of murder and sentenced to be hanged. On appeal to the supreme court, the judgment was affirmed and the cause remanded to the superior court for further proceedings. The defendant was thereupon brought before that court, and his various objections being overruled, Friday, the tenth day of January, 1902, was designated as the date for carrying the sentence into execution. From this order the defendant immediately appealed, and his request for a certificate of probable cause for the appeal having been denied by the trial judge, he applies to me, as one of the justices of the supreme court, for a certificate that in my opinion there is probable cause for his appeal. His object in making this application is, of course, to secure a stay of the execution until his appeal can be heard, and he assumes that my certificate would have that effect. There is, however, grave doubt whether this assumption is well

founded, and reliance upon it might prove to have been a fatal mistake. The statutory provision relating to certificates of probable cause is found in section 1243 of the Penal Code, which in terms embraces only appeals from judgments, and· does not embrace appeals from orders after judgment. It has sometimes been assumed in the discussion of other matters that the provision would be construed as applying to appeals such as the present (*People* v. *McNulty,* 95 Cal. 594) ; but the proper construction of the law has never been settled by a decision of the court, and, of course, cannot be settled by any decision or order that I might make without the concurrence of my associates. In *People* v. *McNulty,* 95 Cal. 594, all that was decided was that an appeal from an order fixing the date for executing a capital sentence, does not, *proprio vigore,* stay the execution. In making this decision, it was said, *arguendo,* that a certificate of probable cause from the trial judge, or from a justice of this court, would be necessary, but the case did not call for a decision that such a certificate would be sufficient to operate a stay, and the question was therefore not decided. In *People* v. *Durrant,* 119 Cal. 54, 203, the application was made to and acted upon by all the justices. It was in fact an application to the court for a *supersedeas* in aid of its appellate ·jurisdiction, and was dealt with as such. I think the proceedings in that case indicate the opinion of the court as to the proper practice in all similar cases, and I shall conform to it, not only because it is a proper and commendable practice, but more especially because, while my power in the premises is doubtful, that of the court is beyond question.

I may add that, in my opinion, there are substantial grounds upon which the legislature may be supposed to have intended to make a different rule as to the stay of proceedings upon an appeal of this character and an appeal from a final judgment. On appeals from the judgment a stay of proceedings may be safely and properly granted by the trial judge or by a single justice of the supreme court, because no serious inconvenience can result from his mistake, if it turns out that in the opinion of the court the judgment is free from error. But on appeals from orders such as that in question here, where the effect of a stay would generally be to make another order of the same kind necessary, from which a new appeal could be taken, the

mere doubts of a single judge, if he could act alone, might result in the indefinite postponement, or even the ultimate prevention, of the execution of a capital sentence in a case where the court on the hearing would find no ground for questioning the propriety of the order or orders appealed from. In such a case the granting of the stay must depend upon some apparent merit in the appeal, and that is a matter which the court alone is competent to decide. The decision should be made by the tribunal upon which the responsibility rests.

For these reasons I shall decline to act upon the petition, leaving the appellant at liberty to apply to the court for a *supersedeas,* according to the practice in *People* v. *Durrant,* 119 Cal. 54.