(December 14, 1906.)

## In re FRANK NEIL.

[87 Pac. 881.]

CRIMINAL LAW—APPEAL—STAY OF PROCEEDINGS—CERTIFICATE OF PROBABLE CAUSE—NOTICE OF HEARING—SUPREME COURT RULE—MEANING OF ''PROBABLE CAUSE.''

1. Paragraph 3 of rule 27 of the rules of the supreme court requires that one who applies to a justice of the supreme court for a certificate of probable cause under section 8048, Revised Statutes, shall have first made application to the district judge who tried the case, or show good reason why he has failed to do so, and shall give five days' notice to the county attorney or attorney general of his intention to make such application.

2. The phrase ''probable cause for the appeal,'' used in section 8048, Revised Statutes, does not mean that there is probable reason to suppose the judgment will be reversed, but rather means that the appellant has assigned or specified grounds on which he expects to rely that are open to doubt or honest difference of opinion, and over which rational, reasonable and honest discussion may arise—that the appeal must present some debatable question and is not merely frivolous and vexatious.

3. The right of appeal by a defendant in a criminal case is absolute, and in no respect dependent on his guilt or innocence, and

where he is availing himself of this remedy with any degree of good faith and not as a pretext for delay, it would be manifestly unjust to inflict upon him the punishment while he is having the validity of the judgment judicially determined.

4. The right of admission to bail after conviction of a felony does not necessarily follow the right to have a certificate of probable cause issue.

(Syllabus by the court.)

ORIGINAL application made at chambers for a certificate of probable cause under section 8048, Revised Statutes. *Certificate granted and order approved by the court.*

John A. Bagley, for Appellant.

J. J. Guheen, Attorney General, and Edwin Snow, for the State.

AILSHIE, J.—In this matter an application was made to ,Mr. Justice Sullivan and the writer hereof at chambers, under section 8048, Revised Statutes, for a certificate of probable cause. After hearing the matter it appeared that a certificate of probable cause should issue, and it was accordingly granted. Since there seems to be considerable uncertainty and doubt among the members of the bar as well as the trial judges of the state as to the correct practice in the matter of applications for certificates of probable cause, and some of the trial judges appearing to have declined to issue such certificates in any case of conviction in their respective courts, it has appeared necessary that we file an opinion in this case announcing the rule of law as well as of practice to be followed in this state.

The applicant, Frank Neil, was convicted and sentenced to serve a term of ten years in the state penitentiary. He thereupon moved for a new trial, which was denied, and then appealed to the supreme court from the judgment and order. He at once applied to the district judge, Honorable Alfred Budge, for a certificate of probable cause under the provisions of section 8048, Revised Statutes, and his application

was denied. It appears, however, from the showing made by petitioner, that the judge fixed the amount of the bond that defendant would be required to give in the event the supreme court, or a justice thereof, should issue a certificate of probable cause. The application was made here in conformity with paragraph 3 of rule 27 of the supreme court, which is as follows: "No application made to a justice of this court under section 8048, Revised Statutes, for a certificate of probable cause will be considered until the application has first been made to the judge who tried the case, or good reason for a failure to do so shown by affidavit, and in such cases the party intending to apply for certificate shall give at least five days' notice of his intention to make such application by service of notice thereof either upon the county attorney who tried the cause or the attorney general." The assistant attorney general stated at the hearing that he was of the opinion that this was a case in which a certificate should properly issue, and that he would not resist the application.

Section 8048 of the Revised Statutes, under which the application was made, provides as follows: "An appeal to the supreme court from a judgment of conviction stays the execution of the judgment in all capital cases, and in all other cases. upon filing with the clerk of the court in which the conviction was had a certificate of the judge of such court, or of a justice of the supreme court, that, in his opinion, there is probable cause for the appeal, but not otherwise." The meaning of the words "probable cause for the appeal" is the evident subject of dispute and controversy when such applications are made to the trial judges. The provision of our statute is the same as section 1243 of the Penal Code of California. (4 Deering, 1243.) The California statute has received very full and careful consideration by the supreme court of that state and in Re Adams, 81 Cal. 163, 22 Pac. 547, Chief Justice Beatty has so clearly defined the meaning of these words that we quote him at length as follows: "It would seem that, notwithstanding what has been said by this court respecting this and cognate provisions of the statute, the opinion must

obtain to some extent that the expression 'probable cause for the appeal' is the equivalent of 'probable ground for the reversal of the judgment,' and, consequently, that the superior judge who has overruled the defendant's motion in arrest of judgment, or for a new trial, cannot, without stultifying himself, grant a certificate of probable cause.

"If it were true that there is no probable cause for an appeal except in a case where the judgment is probably erroneous, it would necessarily involve self-stultification for a judge, who by denying a new trial and pronouncing sentence has solemnly affirmed his belief in the validity of the judgment, to make a certificate implying that in his opinion the judgment ought to be reversed.

"The palpable absurdity of such a proceeding sufficiently demonstrates that the legislature could never have intended to require it—demonstrates, in other words, that the certificate which the superior judges are required to grant in proper cases cannot have the meaning supposed.

"What, then, is meant by the expression 'probable cause for the appeal'?

"We answer, as we have answered heretofore, it means only that there is presented a case that is debatable; a case that is not clearly and palpably frivolous and vexatious; a case upon which there may be an honest difference of opinion. (*People v. Valencia,* 45 Cal. 305; *Ex parte Hoge,* 48 Cal. 6.)

"This is all that is required. It matters not that the judge before whom the prisoner has been tried may be satisfied that his conviction is in every respect regular and valid (which, indeed, must always be the case before there can arise any necessity for an appeal); he is, nevertheless, bound to grant a certificate of probable cause, and stay the execution pending the appeal, unless the case is so clear as to admit of no rational doubt or serious discussion."

If, as intimated by the California court, the issuance of a certificate of probable cause were equivalent to saying that the judgment will probably be reversed, the statute authorizing

such a certificate would become entirely meaningless and useless. If a trial judge believes that there is any reason why the judgment should be reversed or a new trial granted, it is made his duty to grant a new trial without entailing upon the defendant the necessity, burden and expense of an appeal. The fact that he denies a new trial is of itself a judicial determination, so far as his court is concerned, that there exists no good reason why the judgment should be reversed or a new trial granted. But section 8048 has no reference to such a condition either in point of law or fact. That statute must undoubtedly mean that if the appellant has assigned any error or specified any ground on which he expects to rely on appeal concerning which a doubt may exist, or over which an honest difference or a reasonable discussion may arise, then and in that case a certificate should issue. The trial judge must of necessity in every case believe that the verdict and judgment will be sustained; otherwise he would set them aside and grant a new trial. On the other hand, where it is clearly evident that the appeal is frivolous, as, for example, where the appellant has assigned no error and specified no ground recognized by law for granting a new trial, or in arrest of judgment, a certificate should not issue. In such case there would be no question presented over which an honest and fair difference of opinion could arise as to its merits. Another reason suggests itself in this connection. Both the constitution and statute guarantee to him the right of appeal from any judgment of conviction rendered and entered against him. (Const., art. 5, sec. 9; Rev. Stats., sec. 8042.) This right of appeal is in no respect dependent upon the guilt or innocence of the defendant. One guilty beyond all question of doubt is guaranteed the same right of appeal as if he were absolutely innocent. If innocent, and he should appeal and his innocence be finally established, it would be a grave and manifest injustice to have inflicted upon him the punishment prescribed by the judgment during the very time that he was prosecuting his appeal and establishing his innocence. On the contrary, even if he is guilty beyond the question of a

doubt, the state can suffer no injury on account of the execution of the judgment having been stayed, pending the final determination of his case on appeal. If not admitted to bail, he is in the meanwhile held in custody of the sheriff of the county where he committed the offense, and the term of his punishment will begin to run from the final determination of his case and his surrender to the warden of the penitentiary. In the meanwhile he will have served in the county jail during the period his appeal has been pending, and he will still have to serve the full period of his sentence. The idea seems to have prevailed in some degree, without any foundation in law therefor, that the issuance of a certificate of probable cause carries with it, as a matter of course, the admission to bail. This notion is entirely erroneous. The admission to bail is a matter entirely separate and independent from the issuance of a certificate of probable cause. While the defendant could not be admitted to bail prior to the issuance of such a certificate, on the other hand, a certificate may and should properly issue in many cases where the defendant should not be admitted to bail. (Rev. Stats., sec. 8104.) Indeed, it is true that in many cases that have come to this court, certificates of probable cause have been granted and the defendant has been refused admission to bail. In such cases he is held in custody in the county jail until his case is finally determined on appeal. In those instances the defendant takes his chances of having to serve that period in the county jail in addition to and over and above the period designated in the sentence and judgment against him. If he has not reasonable hopes of securing a reversal of the judgment, he will seldom take the chances of procuring such a certificate. As touching the various phases of this matter, see *People v. Lane,* 96 Cal. 596, 31 Pac. 580; *People v. Durrant,* 119 Cal. 54, 50 Pac. 1070; *People v. Gallanar,* 144 Cal. 656, 79 Pac. 378.

This matter has been considered by the court sitting with a full bench, and is fully concurred in by Chief Justice Stockslager and Justice Sullivan.