[Crim. No. 1781.   Second Appellate District, Division One.—May 13, 1929.]

In the Matter of the Application of ALICE BRAHM for a Certificate of Probable Cause and for a Stay of Execution.

Arthur Brigham Rose for Petitioner.

Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

HOUSER, J.—This is an application for stay of execution of judgment by which the defendant in the action in the lower court was sentenced to the term of imprisonment prescribed by law for the commission by her of the crime of arson. It appears that the judgment was rendered several weeks after a plea of guilty had been interposed by defendant and followed a denial by the court of defendant's application for probation.

After sentence had been pronounced, defendant presented a motion by which she asked leave to withdraw her said plea of guilty and substitute in lieu thereof a plea of not guilty. At the same time defendant moved the court to vacate the judgment which theretofore had been rendered in the action. The trial court denied each of such motions and an appeal was taken from such order.

■ Although the intimation contained in the language found in section 1243 of the Penal Code is to the effect that on appeal *from a judgment of conviction* on a charge where sentence less than death has been imposed, "in the sole discretion of the trial court" execution of the sentence may be stayed, the point has been directly ruled that, independent of statutory provision, the power of this court is inherent and plenary in all cases to issue writs or orders by which execution of the judgment will be stayed pending the determination of an appeal, whether such appeal be from the judgment itself, or from some other order made after judgment but which would be directly affected by the execution of the judgment (*In re Albori*, 95 Cal. App. 42 [272 Pac. 321], and cases there cited; *In re Mayen*, 49 Cal. App. 531 [193 Pac. 813]); and such has been the long-established practice of the supreme court of this state. (*People v. Durrant*, 119 Cal. 54 [50 Pac. 1070]; *People v. Ross*, 135 Cal. 59 [67 Pac. 13]; *People v. McNulty*, 95 Cal. 594 [30 Pac. 963]. See, also, 8 Cal. Jur. 548 et seq., and cases cited.)

■ As has been repeatedly pointed out by judicial decision, such a writ or order should be granted where the issues presented by the appeal constitute "debatable questions," and should be refused only where it unmistakably

appears that the appeal is "clearly frivolous." (*In re Adams*, 81 Cal. 163 [22 Pac. 547]; *In re Albori, supra.*)

In the instant case, on consideration of the appeal from the order to which reference has been had, it is manifest that the appeal is not "frivolous"; but, to the contrary, that "debatable questions" are presented for determination by this court. It follows that an order staying execution of the judgment should be and it is granted.

However, in so doing, this court again directs attention to the fact that in a proper case the duty of issuing such orders or certificates of probable cause rests primarily with the trial court, and thus the effect of a failure or a refusal by the trial court to perform its duty in that regard but adds a burden to this court in a matter in which properly it should not be called upon to act. (*People* v. *Biescar*, 95 Cal. App. 70 [272 Pac. 328].)

Conrey, P. J., and York, J., concurred.