[Crim. No. 1749. First Appellate District, Division Two.—September 20, 1933.]

THE PEOPLE, Respondent, v. NICK SANTOS, Appellant.

Raine Ewell for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

SPENCE, J.—Appellant was convicted of murder of the second degree and was sentenced to confinement at the state prison at San Quentin. He gave notice of appeal and applied to the trial court for a stay of execution, which application was denied. He was delivered to the warden of the state prison at San Quentin on June 15, 1933. He subsequently petitioned this court for a stay of execution and said petition, together with the cause on the merits, was regularly on the calendar for hearing on August 14, 1933. Appellant had filed no brief prior to said hearing, although the transcript had been on file since June 30, 1933. At that time counsel for appellant requested a continuance of the hearing on the merits and of the hearing of his petition until the September calendar. His request was granted. The cause was again regularly on the calendar on September 18, 1933, at which time counsel for appellant argued the cause on the merits. Appellant's brief was not filed until the time of said hearing and at the conclusion of the hearing respondent was granted fifteen days within which to file a brief in reply. The petition for a stay of execution was argued at the same hearing and submitted for decision.

Claiming that his appeal presents debatable questions and is not frivolous, appellant contends that this court should grant him a stay of execution pending the determination of the appeal. ■ He cites authorities holding that this court had inherent power to make such order despite the amendment of 1927 to section 1243 of the Penal Code, which provides that "The granting or refusal of such order shall rest in the sole discretion of the trial court." (*People* v. *Albori,* 95 Cal. App. 42 [272 Pac. 321] ; *People* v. *Biescar,* 95 Cal. App. 70 [272 Pac. 328] ; *In re Brahm,* 98 Cal. App. 731 [277 Pac. 895].) We are of the opinion that while these authorities indicate that such inherent power exists and should be freely exercised in proper cases, this court is not deprived of discretion in the exercise of such power. ■ In the present case the hearing of the petition was continued until September 18, 1933, at the request of appellant. At that time he had been confined in the state prison for over

three months. It will be but a brief period before the appeal is determined on the merits. Under these circumstances we do not believe that appellant's place of confinement should be changed by order of this court pending the determination of the appeal.

The conclusion which we have reached makes it unnecessary for us to determine whether a sentence imposed upon a conviction of murder of the second degree is a sentence to ''life imprisonment'' within the meaning of the last sentence of said section 1243 of the Penal Code.

The petition is denied.

Nourse, P. J., and Sturtevant, J., concurred.