(No. 6496.   September 22, 1937.)

STATE, Respondent, v. DOUGLAS VAN VLACK, Appellant.

[71 Pac. (2d) 1076.]

James F. Ailshie, Jr., and Robert Ailshie, for Appellant.

J. W. Taylor, Attorney General, and Ariel L. Crowley, Assistant Attorney General, for Respondent.

WINSTEAD, D. J.—This case was previously before this court upon an appeal taken by defendant Douglas Van Vlack (appellant here) from the judgment of conviction and sentence to death made and entered in the District Court of the Eleventh Judicial District of the State of Idaho in and for Twin Falls County by the late Judge Adam B. Barclay upon February 11, 1936. Upon that appeal the judgment of the trial court was affirmed. (65 Pac. (2d) 736.)

Then followed a petition for rehearing which was denied. Upon application to this court *remittitur* was stayed pending application for *certiorari* to the Supreme Court of the United States. An application for an order further extending the time in which to file such a petition was presented to the Supreme Court of the United States but was denied by the entire court, and no application for *certiorari* was ever presented to the Supreme Court of the United States, the stay of *remittitur* was thereupon vacated and the *remittitur* was filed in the trial court on June 10, 1937.

In the meantime the trial judge died. Then upon the filing of the *remittitur* and upon application of the prosecuting attorney of Twin Falls County, the Honorable T. Bailey Lee, another district judge of the same judicial district, made and entered an order directing the Warden of the Idaho State Penitentiary at Boise to produce the defendant Douglas Van Vlack before the said court at Twin Falls, Idaho, on June 22, 1937, in order that said court might make an order directing the execution of said judgment.

Upon that date appellant, being present before the court, by counsel interposed a motion in arrest of judgment and also sought to interpose a demurrer to the original information. The court permitted the demurrer to be lodged, but refused to permit it to be filed or considered, and then denied the motion to arrest judgment. The court then made and entered an order directing the warden of the state penitentiary to execute the judgment upon said defendant in the manner provided by law between midnight of the 26th day of July, 1937, and midnight of the 27th day of July, 1937.

Leave was then asked and granted for time in which to prepare a bill of exceptions, and same was thereafter settled. The court also allowed a certificate of probable cause, and an appeal was perfected to this court.

After the filing of the notice of appeal and the service of the transcript by appellant, the attorney general in behalf of respondent served and filed a motion to dismiss the appeal, and a petition for immediate hearing of the appeal, which motion and petition have heretofore been denied and the appeal is here in due course for consideration upon the merits.

The proceedings in the trial court on June 22, 1937, upon which this appeal is based, were taken and held pursuant to the provisions of sec. 19–2615, I. C. A., which reads as follows:

"19-2615. ORDER FOR EXECUTION OF JUDGMENT OF DEATH.—If for any reason a judgment of death has not been executed, and it remains in force, the court in which the conviction was had, on the application of the prosecuting attorney, must order the defendant to be brought before it, or if he is at large a warrant for his apprehension may be is-

sued. Upon the defendant being brought before the court, the court must inquire into the facts, and if no legal reason exists against the execution of the judgment, must make an order that the warden execute the judgment at a specified time. The warden must execute the judgment accordingly."

The first question then arises as to whether or not, where there has been an appeal on the merits and conviction carrying the death penalty has been affirmed, an order setting the date for execution of the judgment is an appealable order.

Section 19–2703, I. C. A., provides, in part, as follows:

" .... An appeal may be taken by the defendant: ....

"3. From any order made after judgment, affecting the substantial rights of the party."

California has a similar statute (Cal. Pen. Code, sec. 1237), and prior to 1905 had a statute (Cal. Pen. Code, sec. 1227) similar to our sec. 19–2615, I. C. A. Then the latter California statute was amended by the addition of the following sentence:

"From an order directing and fixing the time for execution of a judgment as herein provided there is no appeal."

Prior to such amendment, in the case of *People v. Durrant*, 119 Cal. 201, 51 Pac. 185, it was held that an order fixing the time of execution is an order made after final judgment affecting the substantial rights of the defendant and as such is appealable.

We are of the opinion that under our statute as it stands, an order fixing the date of execution is an order made after judgment affecting the substantial rights of the party, and as such is appealable.

The scope of such appeal, however, is limited. (*State v. Boyce*, 25 Wash. 422, 65 Pac. 763.) It must be based upon matters connected with the proceedings pertaining to the order for execution. If there has been an appeal from the judgment of conviction and same has been affirmed, then all alleged errors occurring before the judgment and which errors were or could have been litigated upon the appeal from the original judgment will not be considered by an appellate court upon a second appeal in the same action.

As is well stated in the case of *State v. Boyce, supra:*

"We do not think there can be any authority which will sustain the contention of the appellant that he has a right to prosecute this second appeal, for the statement of the proposition suggests its own refutation. If such a practice were tolerated, it would result in an endless chain, which would involve an absurdity in the administration of the law that would justly bring it into disrepute, and totally destroy its efficacy; for it can readily be seen that if, after judgment is pronounced against a defendant, and after an affirmance of such judgment by this court,—which is, in legal effect, an order of this court to the lower court to carry the judgment into execution,—the defendant can prosecute another appeal from the judgment, based upon alleged errors occurring prior to the judgment, he can, upon the same reasoning, prosecute a third and fourth appeal, and so on *ad infinitum,* thereby virtually destroying all potency of the judgment, and escaping the penalty which the law has imposed upon him. There is a rule of logic which condemns reasoning in what is termed a 'vicious circle.' There must, of necessity, be a rule of law to prevent practicing law in a vicious circle, and surely the practice contended for by appellant furnishes a palpable illustration of the violation of this rule. The practice would not be in consonance with reason, or any sensible system of criminal jurisprudence, but would, on the contrary, render courts powerless to enforce their judgments, would shield criminals from the just punishment which the policy of the law imposes upon its infractions, and would, in effect, be subversive of all government."

Appellant has made thirteen assignments of error, as follows:

"1. The Court erred in refusing to arrest the judgment. . . . .

"2. The Court erred in refusing to inquire into ͵the facts concerning the case as provided by Sec. 19–2615, I. C. A.

"3. The Court erred in sentencing this Appellant for the reason that the lower court had no jurisdiction either to order the presence of the Appellant to Twin Falls, Idaho, or to sentence him, as the lower court did not participate in the trial of the case.

"4. The Court erred in refusing to allow the Appellant to file a demurrer to the information filed against him.

"5. The Court erred in overruling the original demurrer.

"6. If the lower court had jurisdiction to resentence, it was error not to inquire into all the facts.

"7. The Court erred in not inquiring into the sanity of this Appellant.

"8. The Court erred in failing to inquire as to whether a pardon, commutation or other disposition of the case had been made since the Appellant's conviction and since the decision of this Honorable Court.

"9. The Court erred in sentencing this Appellant to die for the reason that Sec. 17–1104, I. C. A., under which this Appellant was condemned to die, is in violation of Article 2 Sec. 1 of the Constitution of the State of Idaho.

"10. Since no objections were ever made to the Motion in Arrest of Judgment offered by the Appellant, and since no objection was made by the State to the filing of the second demurrer, the Court erred in refusing to arrest the judgment and erred in refusing to allow the Appellant to file a new demurrer.

"11. The Court erred in refusing to give this Appellant the equal protection of the law and afford him due process in passing sentence.

"12. The Court erred in refusing to sustain the Motion in Arrest of Judgment, for to place the Appellant on trial upon the information herein was a denial to him of his constitutional rights and due process of law as guaranteed by the laws of the State of Idaho and of the Constitution and laws of the United States.

"13. The Court erred in sentencing this Appellant to be hanged for the reason that the laws of the State of Idaho, as enunciated in the case of *State v. Doolittle,* 58 Ida. 1, 68 Pac. (2d) 904, decided May 29, 1937, was to the effect that an information which was not certain and unambiguous could not be the foundation for a conviction of a felony.''

The first assignment of error is that the court erred in refusing to arrest the judgment on the grounds set out in the motion. We are of the opinion that the motion in arrest

of judgment made June 22, 1937, was not timely interposed and was properly denied.

The statutory authority for a motion in arrest of judgment and the grounds upon which it may be based are set forth in sec. 19–2309, I. C. A., as follows:

"19–2309. ARREST OF JUDGMENT—GROUNDS FOR MOTION.—A motion in arrest of judgment is an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty, or on a verdict against the defendant on a plea of former conviction or acquittal. It may be founded on any of the defects in the indictment that are grounds of demurrer, unless the objection to the indictment has been waived by a failure to demur, and must be made before or at the time the defendant is called for judgment."

It will be noted that by such statute it is provided that the motion "must be made before or at the time the defendant is called for judgment."

The judgment was entered in this case by the late Judge Barclay on February 11, 1936. An appeal was perfected to this court from this judgment and the judgment of the trial court was thereupon affirmed. (65 Pac. (2d) 736.)

"If a judgment against the defendant is affirmed, the original judgment must be enforced." (Sec. 19–2724, I. C. A.)

Therefore, at the time of the hearing held in the district court of Twin Falls County on June 22, 1937, pursuant to the provisions of sec. 19–2615, I. C. A., this judgment was in full force and effect and unexecuted.

In the proceedings had in the trial court on June 22, 1937, there was no resentence of appellant. He had been sentenced on February 11, 1936. The June 22, 1937, proceedings were merely to order the judgment executed, that is, to issue the death warrant, a proceeding similar in character to the issuance of execution on a civil judgment. The order made did not reopen the judgment nor in any way affect such judgment. Whether the court in signing the order acted in a purely ministerial capacity or in a judicial capacity is immaterial. However, it is clear that the appellant was not then

"called for judgment," and therefore a motion in arrest of judgment would not lie.

The second assignment of error is that the court erred in refusing to inquire into the facts concerning the case as provided by sec. 19–2615, I. C. A. There is no merit in this assignment.

The facts which this section requires the court to inquire into relate exclusively to the question whether there are any legal reasons against the execution of the judgment, as for instance a pardon or commutation of sentence by the pardon board. Of the existence of the judgment and its legal effect the court takes judicial notice. The identity of the defendant with the prisoner before the court might, under conceivable circumstances, become a question of fact; but no such question, nor any other as to which the court was bound to take testimony, arose in this case. The judgment was within the judicial knowledge of the court, and the prisoner was before the court; and the burden was on him to show, if he could, that any legal cause existed against executing the judgment. The record is as follows:

"Whereupon the Court inquired into the facts and inquired of the defendant if he had any legal cause to show why judgment of death should not be executed, and he replied that he had none."

The court did not err in this matter. This is also true as to the assignments of error numbered six, seven, and eight.

Assignment of error numbered three goes to the question of Judge Lee's participation in the proceedings on June 22, 1937. The fallacy in appellant's position lies in his failure to distinguish between a court and the individual judge presiding. He concedes that the judge who originally tried the case is dead. The death of a presiding judge does not stop the course of justice. The court lives on. Section 19–2615, I. C. A., provides that the "court" in which the conviction was had shall make the order carrying into effect the execution of the judgment. It is conceded that Judge Lee is a duly qualified judge of the Eleventh Judicial District. Upon the death of Judge Barclay any district judge of the district was qualified to preside in court and to make any and

all orders in connection with this case and to sit as the court in which the conviction was had. (Secs. 1–703 and 1–905, I. C. A.) So acting, he was the court for the purposes of the proceeding. (*Ball v. Village of Parma,* 49 Ida. 40 at 47, 286 Pac. 24.)

Assignments of error numbered four and five go to the question of the demurrer sought to be interposed by appellant on June 22, 1937. There is no merit in either of these assignments of error. A demurrer may be filed to the indictment or information at the time of arraignment and before plea. (Sec. 19–1602, I. C. A.) But there is no provision in our law for demurrer after judgment. (*State v. Hinckley,* 4 Ida. 490, 42 Pac. 510.)

The ninth assignment of error raises the question of the constitutionality of sec. 17–1104, I. C. A. This contention is without merit and attempts to raise a question not specified or urged upon the previous appeal from the judgment of conviction. It was therefore waived and is without merit in connection with these proceedings.

The tenth assignment of error is without merit, for our law makes no provision for objections to be made or filed to a motion or demurrer.

The other assignments of error are without merit and raise questions either *res judicata* because of the affirmance of the previous appeal from the judgment of conviction, or which have been disposed of in our discussion of the previous assignments of error.

In connection with this appeal it should be noted that this being an appeal from an order made after judgment and not from the judgment of conviction, such appeal does not of itself stay execution. There must be in addition a certificate of probable cause for the appeal (sec. 19–2709, I. C. A.) ; which affords the basis for preventing a continuous circle of nonexecution. In this case it was the granting of the certificate of probable cause which stayed execution.

As construed by this court, the phrase "probable cause for the appeal" as used in this section does not mean that there is a probable reason to suppose the judgment will be reversed, but that appellant has assigned grounds of error that are open

to doubt or honest difference of opinion and over which rational, reasonable, and honest discussion may arise,—that the appeal must present some debatable question and is not merely frivolous or vexatious. (*In re Neil,* 12 Ida. 749, 87 Pac. 881; *In re France,* 38 Ida. 627, 224 Pac. 433.) The certificate of probable cause should never be issued as of course or be permitted to be used for the purposes of delay in the execution of the judgment.

We are of the opinion that there is no merit in any of the assignments of error assigned on this appeal, and that the action of the trial court should be affirmed, and it is so ordered.

Morgan, C. J., and Holden, Budge, and Givens, JJ., concur.

Winstead, District Judge, sat in place of Ailshie, J., who deemed himself disqualified, his sons being of counsel.

Petition for rehearing denied.