No. A-CV-11-81
A-CV-40-81

COURT OF APPEALS OF THE NAVAJO NATION

August 19, 1982

Kathy BATTESE, Appellant,

vs.

Stanley BATTESE, Appellee.

ORDER DISMISSING APPEAL

John A. Chapela, Esq., Window Rock, Navajo Nation (Arizona) for appellant and James J. Mason, Esq., Gallup, New Mexico for appellee.

7 NTC Sec. 801(a) requires a party to request permission from the Chief Justice to appeal a final judgment or order, stating the reasons why an appeal is requested. Sec. 801(b) gives the Chief Justice the discretion to review the request for appeal and, if he "thinks the reasons show probable cause for review . . . he shall permit the appeal."

This is a divorce case in which a former husband and wife are disputing the division of major marital asset - a home in St. Michaels, Navajo Nation (Arizona). At first the petitioner, Kathy Battese, filed her request for appeal claiming that a new trial should have been granted due to the fact that a witness was called at trial by the respondent and that witness was not listed on a response to an interrogatory for a listing of witnesses. She also argued the judgment of the court was contrary to the evidence. After the appeal was filed the district court granted a new trial because it agreed it was improper to call a witness not identified in the interrogatory and because there was enough conflicting evidence in the prior trial to require a new trial to resolve those conflicts. A new trial was held, and the respondent, Stanley Battese, made his request for an appeal, saying the new trial should not have been granted and that an award of the family home to Mrs. Battese was an abuse of discretion and contrary to the evidence.

The Chief Justice must now decide whether there is probable cause for review. The words "probable cause" in statutes regulating the privilege of an appeal have been held to mean there is a debatable question or an honest difference of opinion. Ex parte France, 38 Idaho 627, 224 P. 433, 434; In re Adams, 81 Cal. 163, 22 P. 547, 548. In reviewing our requests for appeal, this court must decide whether the reasons given in the request show grounds for error in the trial court judgment that are open to doubt or an honest difference of opinion, and

over which rational, reasonable, and honest discussion may be had: State v. Van Vlack, 58 Idaho 248, 71 P.2d 1076. The Chief Justice will exercise his discretion to grant an appeal when the reasons supporting the request for an appeal give reasonable cause to believe there was error or show a reasonable ground for belief that there are facts or points of law showing the trial court committed an error prejudicial to the rights of the complaining party.

In this case the parties have presented excellent arguments over whether a new trial should have been granted by the trial court. Both parties agree that the legal standard to be applied to this question is whether the trial court abused its discretion to grant a new trial. As to the matter of the respondent not listing the name and address of one witness to be called at trial, there are two reasons why the respondent has not raised probable cause for review: First, the respondent did not object to the interrogatory. If the law is as he states (and that question is not decided here), then he should have objected to the interrogatory. But surely the interests of a full and fair trial, without anyone yelling "surprise" in the courtroom, make a request for witness identities reasonable. Second, the obligation to answer interrogatories is a continuing obligation, which binds the person asked them up to the time of trial. Good trial lawyers have sufficient control over their case that they most often know who they will call in advance of trial and there is no burden in answering an interrogatory to identify witnesses.

There is no probable cause to find error in the granting of the new trial on the grounds of conflicting evidence. First of all, the failure to identify a witness would be a sufficient ground in itself. Second, since our property settlement in divorce statute (9 NTC Sec. 404) requires the court to make a "fair and just settlement" of the rights of the parties, it is important that it receive enough clear evidence to see the full picture. In a trial before a jury, the granting of a new trial would require a careful analysis of the evidence in order to decide whether the jury was confused. However where there is a trial before a judge and the judge makes the decision that the evidence was conflicting to him or her, then how can the Court of Appeals say otherwise, in the absence of a clear showing there was no conflict? On this point there are not sufficient facts to convince the Chief Justice there was an abuse of discretion in granting a new trial. This is particularly so in a civil case where a party cannot claim prejudice due to a lack of discovery or the right to not present a defense case.

The respondent also complains that the trial court abused its discretion in the distribution of the family home and that the judgment was contrary to the "fair and just settlement" provision of our statute. While the "fair and just" clause of the statute is troublesome because of its breadth, the Chief Justice has reviewed the property settlement stipulation on file, and the division of property in the judgment shows no reasonable cause to believe there was an error or that there is a reasonable ground to believe there are facts or law which show the trial court made an error prejudicial to the respondent's rights. The words "fair and just" do not mean an equal division of property. They mean that the trial court must look at all the facts and circumstances and use sound discretion, considering a variety of factors. See 24 Am.Jur.2d, Divorce and Separation, Sec. 933. The reasons for appeal do not convince the Chief Justice there are grounds to believe there was an abuse of discretion. Divorce cases are hard, and the trial judge is in

the better position to hear the evidence, observe the parties and get a feel for the equities. Courts of appeal are reluctant to second guess the judgment of the trial court in divorce property distribution, and where it appears that there was no clear abuse of discretion, sufficient to place the matter before the full court, an appeal will be denied.
SO ORDERED.