820 P.2d 1239

STATE of Idaho, Plaintiff–Respondent,

v.

Barrington Eugene SEARCY, Defendant–Appellant.

No. 19144.

Court of Appeals of Idaho.

Nov. 21, 1991.

W. Brent Eames, Rexburg, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen. and Lynn E. Thomas, Sol. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from an amended judgment of conviction for robbery and first degree murder. The amended judgment was entered following a hearing ordered by the Supreme Court in *State v. Searcy*, 118 Idaho 632, 798 P.2d 914 (1990), to correct a sentencing error.

In the present appeal, Searcy raises only two issues, neither of which relate to the proceeding conducted following the remand from the earlier appeal. First, he argues that he was denied due process during the trial proceedings because he was precluded by I.C. § 18–207 from asserting insanity as a defense. Second, he argues that section 18–207 violates the constitutional proscription against cruel and unusual punishment and deprives him of equal protection of the law.

The first issue was specifically raised, addressed and decided in the earlier appeal. The second issue is one which could have been raised in the earlier appeal but was not. It was touched upon by the Supreme Court when the Court quoted from a Montana case holding that abolition of the insanity defense "neither deprives a defendant of his fourth amendment right to due process nor violates the eighth amendment proscription against cruel and unusual punishment." 118 Idaho at 636, 798 P.2d at 918.

After due consideration, we conclude that neither issue should be entertained in this appeal, following the Supreme Court's lead in *State v. Van Vlack*, 58 Idaho 248, 71 P.2d 1076 (1937). In *Van Vlack*, the defendant's conviction and sentence to death for first degree murder had been affirmed on an earlier appeal and the case was remanded to the district court for an order scheduling the execution date. Following that proceeding, the defendant appealed again and attempted to raise several issues which could have been presented in the first appeal. Noting that it was proper for a defendant to appeal from an order fixing the date of execution, the Court said:

> The scope of such appeal, however, is limited. [Citation omitted.] It must be based upon matters connected with the proceedings pertaining to the order for execution. If there has been an appeal from the judgment of conviction and [the] same has been affirmed, then all alleged errors occurring before the judgment and which errors were or could have been litigated upon the appeal from the original judgment will not be considered by an appellate court upon a second appeal in the same action.

58 Idaho at 253, 71 P.2d at 1078. The Court particularly applied this rule to an issue raised by Van Vlack with respect to the constitutionality of the death penalty statute, holding that

> This contention is without merit and attempts to raise a question not specified or urged upon the previous appeal from the judgment of conviction. It was therefore waived and is without merit in connection with these proceedings.

58 Idaho at 258, 71 P.2d at 1080. Consequently, even issues of constitutional dimension may be barred from review in a subsequent appeal if those issues were or could have been asserted in the original appeal from a judgment of conviction.

In view of the Court's disposition in *Van Vlack*, we hold that Searcy's issues raised in the instant appeal should not be considered. Accordingly, the amended judgment of conviction and sentences are affirmed.