IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39914

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 764 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 19, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ALBERT RAY MOORE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Order denying motion to correct illegal sentence, affirmed.

Albert Ray Moore, pro se appellant, Boise.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Albert Ray Moore appeals from the district court's order denying his motion to correct his sentence for felony driving under the influence, Idaho Code § 18-8005(5), which Moore contends is illegal. We affirm.

This is Moore's third appeal in this case. In *State v. Moore*, 152 Idaho 203, 203-04, 268 P.3d 471, 471-72 (Ct. App. 2011), this Court described the prior proceedings in this case and a companion DUI case as follows:

> In two cases filed in 2006 and 2007, Moore was charged with driving under the influence (DUI). In each case, the charge was enhanced to a felony pursuant to Idaho Code § 18-8005(5) on grounds that Moore had twice previously been convicted of DUI within the preceding ten years, including a conviction in North Dakota. In both Idaho DUI cases, Moore challenged the State's reliance on the North Dakota conviction on the contentions that it did not qualify as a "substantially conforming foreign criminal conviction" under Idaho Code § 18-8005(5), and that the conviction was constitutionally defective. After the district court denied Moore's motion to dismiss the present case on either basis, Moore

1

entered a conditional guilty plea. His plea reserved the right to appeal several of the district court's rulings, including the court's rejection of Moore's challenge to the State's use of the North Dakota conviction. The district court entered a judgment of conviction imposing a unified sentence of six years, with one year fixed.

In Moore's other DUI case, he pleaded not guilty and went to trial. In that trial, the district court admitted evidence of the North Dakota DUI conviction over Moore's objection that it was not a substantially conforming foreign criminal conviction, that the Wyoming conviction was constitutionally defective, and that the documentary evidence of that conviction was not properly authenticated. Moore appealed in both cases.

The two appeals were consolidated and addressed by this Court in *State v. Moore*, 148 Idaho 887, 231 P.3d 532 (Ct. App. 2010). We affirmed the district court's determination that the North Dakota DUI conviction was "substantially conforming" and that Moore had not shown that conviction to be constitutionally defective. These rulings rejected the challenges to use of the North Dakota conviction that Moore had made before the district court in this case. However, we also vacated the judgment of conviction in his other DUI case because the documentary evidence of the North Dakota conviction was not properly authenticated and therefore had been wrongly admitted at trial. *Id.* at 892-99, 231 P.3d at 537-44.

In that appeal, Moore contended that he and the district court had "agreed" at the change of plea hearing in the present case that his guilty plea could be set aside if he obtained *any* appellate relief in the other case regarding the North Dakota conviction. He argued that because this Court had determined that documentary evidence of the North Dakota conviction was wrongly admitted at trial in the other case due to lack of proper authentication, the present case should be remanded for "further proceedings as intended by the district court." *Id.* at 903-04, 231 P.3d at 548-49. Because ambiguous statements made at Moore's change of plea hearing concerning the scope of the reserved issue left open this possibility, we remanded this case "for proceedings consistent with our opinion and the Rule 11 plea agreement." *Id.* at 904, 231 P.3d at 549.

On remand, the district court determined that the reservations in Moore's conditional guilty plea were not as broad as Moore contended in that he did not reserve a right to relief from his guilty plea if the Court of Appeals found evidentiary trial error in the other case. The district court therefore effectively denied Moore's motion to withdraw his guilty plea. Perhaps so that Moore would have a written document from which to appeal, the district court stated its intent to enter an amended judgment which would "impose the sentence as earlier set out in the Court's judgment." Later in the same hearing, the district court said that it would "impose the sentence of one year fixed, four years indeterminate for five years," which was not an accurate statement of the original sentence. On June 11, 2010, the amended judgment of conviction was entered, stating a unified sentence of five years, with one year fixed. Moore did not appeal, and neither did the State.

On September 10, 2010, the State filed a motion to amend the judgment of conviction a second time to "correct an apparent clerical mistake." The State pointed out that the original judgment of conviction imposed a unified sentence of *six* years, with one year fixed and that because at the hearing on remand the district court had stated its intent to "impose" that sentence again, its amended judgment of conviction stating a unified sentence of *five* years, with one year fixed, was a mistake. Over Moore's protestations, the district court agreed that it had made a clerical mistake correctable under Idaho Criminal Rule 36, and entered a second amended judgment of conviction expressing a unified sentence of six years, with one year fixed. Moore appeals.

(footnotes omitted).

On appeal from the second amended judgment, Moore asserted that the district court's oral pronouncement of a five-year unified sentence controlled, and that the court lacked jurisdiction to enter the second amended judgment of conviction. *Moore*, 152 Idaho at 204-05, 268 P.3d at 472-73. However, this Court affirmed the second amended judgment. We held that because the district court had not intended to make a substantive change to the sentence previously in place, I.C.R. 36 authorized the court to correct its error. *Id.* at 204-06, 268 P.3d at 472-74.

Several months later, Moore filed a pro se I.C.R. 35(a) motion to correct an illegal sentence in his 2006 DUI case. In this motion, it appears Moore alleged: (1) the district court's second amended judgment and its correction of his prior erroneous oral pronouncement constituted a violation of the Ex Post Facto Clause and was precluded by the doctrine of collateral estoppel; (2) his conviction was the result of vindictive prosecution and a biased trial judge; and (3) that his speedy trial rights were violated. Rather than request that his sentence be "corrected," Moore asked the district court to vacate his conviction. The district court denied the motion without comment, and Moore appeals.

On appeal, Moore lists his issues as: "illegal sentence, preclusion, ex post facto, and use of improperly authenticated judgment by appellate court ruling used by district court." In the argument portion of his appellant's brief, he also appears to argue that he was a victim of vindictive prosecution and a biased judge.

We conclude that all of Moore's claims of error are barred by the doctrine of "law of the case" or the doctrine of res judicata. These doctrines exist to preclude repetitive efforts to relitigate the same issues that were previously fully resolved by a court. The doctrine of law of the case provides that when an appellate court, in deciding a case, states in its opinion a principle

or rule of law necessary to the decision, that pronouncement becomes the law of the case, and must be adhered to throughout the case's subsequent progress, both in the trial court and upon any subsequent appeal. *State v. Creech*, 132 Idaho 1, 9 n.1, 966 P.2d 1, 9 n.1 (1998). Therefore, an appellate court's pronouncement on issues of law set forth in one appeal will not be addressed again in a successive appeal in the same case. *Id.* Under the law of the case doctrine, an issue that could have been, but was not, presented in a previous appeal, is waived and will not be considered by an appellate court upon a second appeal in the same action. *Dopp v. Idaho Comm'n of Pardons & Parole*, 144 Idaho 402, 407 n.3, 162 P.3d 781, 786 n.3 (Ct. App. 2007). Thus, "If there has been an appeal from the judgment of conviction and [the] same has been affirmed, then all alleged errors occurring before the judgment and which errors were or could have been litigated upon the appeal from the original judgment will not be considered by an appellate court upon a second appeal in the same action." *State v. Searcy*, 120 Idaho 882, 883, 820 P.2d 1239, 1240 (Ct. App. 1991) (quoting *State v. Van Vlack*, 58 Idaho 248, 253, 71 P.2d 1076, 1078 (1937)). Similarly, the doctrine of res judicata precludes relitigation of the issues that have previously been decided in a final judgment in an action between the same litigants. *State v. Rhoades*, 134 Idaho 862, 863, 11 P.3d 481, 482 (2000).

All of the claims of error that Moore now attempts to raise either were addressed or could have been raised and addressed in one of his two previous appeals in this case. In Moore's first appeal, this Court specifically addressed the propriety of use of a North Dakota DUI conviction to enhance his current offense to a felony. If Moore had possessed a claim of violation of the Ex Post Facto Clause, it could have been raised in that appeal but was not. In Moore's second appeal, we addressed his argument, which he pursues again at length in this appeal, that the corrected sentence specified in the second amended judgment of conviction was illegal. Any claims that Moore was the subject of a vindictive prosecution or that the district judge should have recused himself for bias could have been raised in either of the prior two appeals. Thus, all of the challenges to his sentence or conviction that Moore presented to the district court through his motion for correction of an illegal sentence, and additional issues that he attempts to raise on this appeal, are barred by the doctrines of the law of the case and res judicata. The motion therefore was properly denied by the district court. The order of the district court denying Moore's motion to correct an illegal sentence is affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**

4