**UNITED STATES of America ex rel. Willis S. MARSHALL, Relator-Appellee,**

v.

**Walter H. WILKINS, Warden of Attica State Prison, Attica, New York, Respondent-Appellant.**

No. 32, Docket 28899.

United States Court of Appeals Second Circuit.

Argued Sept. 22, 1964.

Decided Nov. 10, 1964.

Arthur J. Cooperman, New York City, for relator-appellee.

Lillian Z. Cohen, Deputy Asst. Atty. Gen., State of New York, New York City, (Louis J. Lefkowitz, Atty. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., and Brenda Soloff, Deputy Asst. Atty. Gen., on the brief), for respondent-appellant.

Before LUMBARD, Chief Judge, and MOORE and SMITH, Circuit Judges.

LUMBARD, Chief Judge:

New York appeals from an order of the United States District Court for the Western District of New York sustaining a writ of habeas corpus in favor of Willis S. Marshall. In 1950 Marshall was convicted in New York County of robbery in the first degree, and, on the basis of a 1947 California conviction, he was sentenced as a second offender under New York's multiple offender statute. The district court held the California conviction invalid on the ground that Marshall had not been adequately represented at trial. We find that the record in the district court fails to show that Marshall's representation was inadequate, and we therefore reverse the judgment of the district court. However, Marshall was not represented by counsel at the habeas corpus hearing; because the papers submitted to the district court contain allegations which, if more fully developed, might sustain the writ, we remand for appointment of counsel and a new hearing.

The evidence before the district court consisted only of Marshall's testimony and the minutes of the California trial. The California minutes show that Marshall was tried with two others for robbery and that each defendant initially was represented by separate counsel. Marshall's first counsel, W. H. Weddell, withdrew just before the trial began, and the judge appointed B. L. Spears, the attorney for one of the other defendants, to represent Marshall as well. The defense was not called upon to present its case until the following day. During the trial Spears moved for a dismissal as to Marshall, the grounds therefor not appearing, and after the jury found Marshall guilty, he moved for a new trial, apparently on the ground of insufficient evidence.

All else must rest on Marshall's testimony. Weddell did not tell the court why he was withdrawing, but, according to Marshall, he told Marshall that he was doing so because "the manner in which [Marshall] wanted him to present the case * * * would only condemn the other two." The nature of this defense was not brought out in Marshall's testimony. However, he alleges in an affidavit, which was filed in the district court but not referred to in Marshall's testimony or in Judge Burke's opinion, that he wished to assert that he had remained in the car until he left it to prevent his co-defendants from perpetrating a rape. Marshall did not raise the question of inadequate representation in the California court, and he did not attempt to appeal his conviction.

█ Judge Burke held that there was an infringement of Marshall's constitutional rights in requiring him to stand trial immediately with newly assigned counsel and in failing to determine whether there was a conflict of interest between Marshall and his co-defendants. We do not think that the record supports this conclusion. The burden was on Marshall to show that he was not adequately represented, and his testimony lacks the specificity necessary to sustain that burden. Accepting all his testimony as true,

406

it establishes only that Spears was appointed as his counsel at the beginning of the trial and that Weddell said that he was withdrawing because Marshall wished to present an argument which "would only condemn the other two."

Since Spears presumably was already familiar with the case, his last-minute appointment is of no significance unless Marshall's defense presented issues not raised by the defense of his co-defendants. As to both this point and the claimed conflict of interest, therefore, Marshall was required at least to describe the defense which he wished to assert and its relation to the course of the trial. But, aside from describing Weddell's statement to him on withdrawing, Marshall failed even to mention the alleged defense in the habeas corpus hearing. Assuming that there was such a defense, it may have been frivolous, Marshall may not have informed Spears of it, or Spears may have presented it with vigor.

These gaps and uncertainties in the evidence before the district court preclude sustaining the writ on the present record. In determining whether to direct that the writ be dismissed, however, we also must consider the fact that Marshall was not represented by counsel in the habeas corpus hearing. Because habeas corpus is nominally civil in nature, the Sixth Amendment does not apply. But this and other courts have held that sound discretion, perhaps deriving from the Fifth Amendment, requires that counsel be appointed for petitioners, at least in some cases. See United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707, 715 (2 Cir. 1960); Anderson v. Heinze, 258 F.2d 479 (9 Cir.), cert. denied, 358 U.S. 889, 79 S.Ct. 131, 3 L.Ed.2d 116 (1958).

Marshall made substantial claims regarding his representation at trial by the counsel who also represented a co-defendant. Judge Burke recognized the responsibility placed on the court where a petitioner is not represented by counsel, and he sought to develop petitioner's claims. However, the court's questioning did not touch on Marshall's allegation that he had left the car only in order to prevent a rape. In our view of the case, development of this allegation and of the claim that it required a separate and conflicting defense was crucial to Marshall's petition. Marshall should be afforded a more extended hearing with the assistance of counsel.

We do not hold that counsel must be appointed in every habeas corpus case in which a hearing is required. There are cases in which the factual issues are so well-defined that the court may rely on its own questioning. In most cases, however, if the district court believes that the petition requires a hearing, the better course would seem to be to appoint counsel for the petitioner where he is financially unable to retain counsel.

The judgment of the district court is reversed, and the case is remanded for appointment of counsel and a new hearing.

SMITH, Circuit Judge (dissenting):

Judge Burke credited relator's testimony that appointed counsel quit with permission of the court on the day of trial because counsel would not present the case in the manner in which the relator wanted it done since to do so would only condemn the other two defendants. Counsel for one of the other two was thereupon appointed to defend relator also, and the trial proceeded. While it does not appear from the meager record of the California trial that the court then knew of the possibility of conflict of interest between the two defendants represented by the same appointed counsel, Judge Burke found a duty to inquire. In this, under the circumstances I think he was correct. Relator faced a maximum of a possible life sentence, and the trial went forward full speed without inquiry of the reason for original counsel's withdrawal, or even an opening statement on relator's behalf by his new counsel. Of course, relator might better have raised his present objections at the trial, but he probably was not then so learned

in the law. Perhaps we would not have credited his testimony which established a conflict of interest, but rather ascribed it to his prison schooling. However, Judge Burke observed him and did credit it.

I would affirm.