Keating, J.
The question before us on this appeal is whether an appellant is entitled to have counsel assigned to represent him, upon request, at a coram nobis hearing in a Court of Special Sessions.
*312 In 1945 appellant was convicted, upon his plea of guilty, of the misdemeanor of fraudulently secreting personal property (Penal Law, § 940). He is presently incarcerated at the Auburn State Prison as a second felony offender based on two subsequent felony convictions.
In 1963 appellant petitioned the City Court of Borne, before which he was convicted of the 1945 misdemeanor, for a writ of error coram nobis, alleging that in 1945 he had not been advised of his right to counsel pursuant to section 699 of the Code of Criminal Procedure. An order denying the writ without a hearing was thereafter reversed by the Oneida County Court and the matter was remanded for the purpose of inquiring into the allegations of the petition.
Appellant’s request for assigned counsel to represent him at the hearing so ordered was denied, and after the hearing the writ was dismissed. The County Court affirmed and upon rehearing, at which time appellant chose to argue pro se, the County Court adhered to its former decision, noting, however, that appellant’s contention may have merit.
Notwithstanding appellant’s plea of guilty to the 1945 misdemeanor, coram nobis is available if appellant can establish that he was not advised of his right to counsel (Matter of Bojinoff v. People, 299 N. Y. 145; People v. Howard, 12 N Y 2d 65, 67). Here, as in Bojinoff, it matters not that appellant was represented by counsel at subsequent felony trials where the issue might have been raised. Cases such as People v. Dash (16 N Y 2d 493), People v. Nicholson (11 N Y 2d 1067) and People v. Rogers (15 N Y 2d 690) are not applicable since in all of them the appellants were represented by counsel at the time pleas were entered. The presence of counsel at a time when available defenses could have been raised precludes subsequent resort to coram nobis (People v. Howard, 12 N Y 2d 65, 67).
The question now before us, i.e., an indigent’s right to assigned counsel at a coram nobis hearing, is so completely circumscribed by recent and well-founded parallel decisions that it remains only to declare the rather obvious answer that such a right does exist.
In People v. Witenski (15 N Y 2d 392) we held that a person charged with a misdemeanor is entitled to be informed clearly of his right to assigned counsel. And in People v. Hughes (15 *313 NY 2d 172) we held that an indigent is entitled to request and receive assigned counsel on a coram nobis appeal.
Two lower court cases have already taken the position that assigned counsel is available for coram nobis hearings when requested (People v. St. John, 281 App. Div. 1061; People v. Jester, 4 A D 2d 841) and the Supreme Court of California has disposed of the question with dispatch equally applicable here: “It is now settled that whenever a state affords a direct or collateral remedy to attack a criminal conviction, it cannot invidiously discriminate between rich and poor.” (People v. Shipman, 62 Cal. 2d 226, 231.)
The City Court Judge of Rome in the present case stated that a Judge sitting at a Court of Special Sessions is without power to assign counsel. This was erroneous. The power of a court to assign counsel to an indigent defendant is inherent (People v. Price, 262 N. Y. 410, 412) and the right to be represented by counsel includes the right to be represented by counsel in Special Sessions courts (People v. Witenski, 15 N Y 2d 392, supra).
The order appealed from is reversed and the matter is remitted to the City Court of Rome for further proceedings not inconsistent with this opinion.
Chief Judge Desmond and Judges Fuld, Van Yooehis, Bubke, Scileppi and Beegan concur.
Order reversed, etc.