STATE, Respondent, v. RANDOLPH, Appellant.

*August 25, 1966.*

*Donald Randolph, pro se,* for the appellant.

*Bronson C. La Follette,* attorney general, and *William A. Platz,* assistant attorney general, and *John P. Kaiser,* district attorney of Dodge county, for the respondent.

PER CURIAM. The writ of error *coram nobis* is a discretionary writ which may be issued by the court which tried the case but only when narrow requirements are met.

"It is well established that in order to constitute a ground for granting of *coram nobis* an error of fact must be presented that meets the double-barreled requirement of (1) having been unknown at the time of the trial, and (2) having been of such a nature that it would have prevented the judgment had it been known." [1]

---

[1] *Parent v. State* (1966), 31 Wis. (2d) 106, 108, 141 N. W. (2d) 878.

The circuit court ruled that the instant petition alleged no grounds for such writ, and did not examine the truth of any allegation.

Sec. 958.07, Stats., provides for a writ of error *coram nobis* and for review by this court upon appeal or writ of error. We have held that an indigent person who files a petition for writ of error *coram nobis* does not have an absolute right to appointment of counsel at public expense in the trial court.

"We believe that the proper procedure, as in petitions for writs of *habeas corpus,* is for the court to which the petition is addressed to analyze the merits of the petition and if the court is persuaded that there is reasonable merit in the petition and a reasonable likelihood of success, then the court should appoint counsel for the indigent." [2]

Since *Douglas v. California,*[3] however, this court has treated an appeal from a denial of a writ of error *coram nobis* as an appeal of right, for which the state, under *Douglas,* must provide an attorney if the defendant has no means. But it strikes us that in respect to the requirement of furnishing counsel, the application for *coram nobis* is more closely akin to an application for *habeas corpus,* than to review by appeal or writ of error of the judgment or an appealable order entered in the criminal action itself. In the case of the petition for *habeas corpus,* this court does not consider that *Douglas* requires appointment of counsel unless this court makes a preliminary determination that the petition raises some arguably meritorious point. Both the writ of *habeas corpus* and the writ of error *coram nobis* are post-conviction remedies, appropriate only in limited situations, and differ from broad appellate review on the record. Both are subject to the abuse of repetitive use in situations where there is no chance of success.

[2] *Fritz v. State* (1964), 25 Wis. (2d) 91, 98, 130 N. W. (2d) 279.
[3] (1963), 372 U. S. 353, 83 Sup. Ct. 814, 9 L. Ed. (2d) 811.

The supreme court of California has addressed itself to this very problem and stated that:

"Unless we make the filing of adequately detailed factual allegations stating a prima facie case a condition to appointing counsel, there would be no alternative but to require the state to appoint counsel for every prisoner who asserts that there may be some possible ground for challenging his conviction. Neither the United States Constitution nor the California Constitution compels that alternative. Accordingly, in the absence of adequate factual allegations stating a prima facie case, counsel need not be appointed either in the trial court or on appeal from a summary denial of relief in that court.

"When, however, an indigent petitioner has stated facts sufficient to satisfy the court that a hearing is required, his claim can no longer be treated as frivolous and he is entitled to have counsel appointed to represent him." [4]

Therefore, in order to avoid patently fruitless appointment of counsel, this court in the future will only appoint counsel upon an appeal from a trial court's summary denial of *coram nobis* when the petition on its face shows that a substantial factual issue or issues on which the availability of the writ turns, as delineated by prior decisions of this court, has been stated. Otherwise the order of the trial court will be summarily affirmed.

The instant petition serves as an example of when counsel will not be appointed in the future. None of the grounds alleged by the petitioner meet the two-fold requirements quoted earlier in this opinion. The fact that petitioner had no counsel at the preliminary hearing was not unknown and would not have prevented judgment. If counsel who was furnished at the time of arraignment performed so inadequately that Randolph was denied his right to counsel, the remedy is *habeas corpus*, not *coram*

---

[4] *People v. Shipman* (1965), 62 Cal. (2d) 226, 232, 397 Pac. (2d) 993, 997.

*nobis.*[5] If decisions to prosecute escapees are arbitrarily made, this fact would not have prevented the judgment had it been known.

*By the Court.*—Order affirmed.

[5] *State v. Turpin* (1949), 255 Wis. 358, 360, 38 N. W. (2d) 495.