428 P.2d 527

**Robert H. WILBANKS, Plaintiff-Appellant,**

v.

**The STATE of Idaho, Defendant-Respondent.**

No. 9863.

Supreme Court of Idaho.

May 24, 1967.

Craig Marcus, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and Roger B. Wright, Asst. Atty. Gen., Boise, for appellee.

McFADDEN, Justice.

Appellant Wilbanks, who was convicted of the crime of forgery on December 31, 1965, filed a petition for a writ of habeas corpus in the Ada County District Court. The trial court, after examining the petition, determined it stated only one ground for issuance of the writ, i. e., that petitioner alleged that by reason of duress he had been induced to plead guilty to the crime for which he was punished by imprisonment. The trial court ordered the writ to issue, pursuant to which the state brought appellant into court on January 31, 1966. While appellant was before the court, the trial court advised him that he was entitled to be represented by an attorney, but that the court couldn't appoint one for him. Wil-

banks advised the court that he had an attorney who had previously represented him. However, it developed that appellant's attorney, who was a member of the legislature at the time, could not be present and the court continued the cause until February 21, 1966. On February 21, 1966, the cause was again continued until February 23, at which time appellant appeared on his own behalf, advising the court that he wished to present the cause himself. The state then filed its verified return to the writ, to which return was attached a copy of the writ and the judgment of appellant's conviction. Appellant was advised he was entitled to file an answer to this return, but that if he so desired, his original petition would be deemed as an answer to the return. Appellant advised the court he would proceed with no further answer other than his original petition. Following these preliminary matters, the hearing commenced and the state presented its case. Appellant then testified and asked that other witnesses be subpoenaed. The court recessed the hearing until March 21, 1966, to enable witnesses to be subpoenaed on appellant's behalf.

On March 21, 1966, the hearing resumed and witnesses subpoenaed on appellant's behalf were present, sworn and testified, following which the state presented the testimony of the sheriff of Canyon County in rebuttal. Subsequently the trial court entered its findings of fact, conclusions of law and judgment quashing the writ previously issued, from which judgment this appeal was perfected, and counsel was appointed by this court to represent appellant on this appeal.

On his appeal, appellant initially interposed as his only assignment of error that:

"The trial court erred in failing to find and conclude that petitioner entered a plea of guilty by reason of duress and that said duress resulted from petitioner being denied adequate medical care while in the Canyon County Jail prior to the entrance of his plea."

While this appeal was pending, this court entered its decision in the case of Austin v. State, 91 Idaho 404, 422 P.2d 71. Thereafter, appellant was permitted to submit the additional assignment of error:

"The trial court erred in refusing to appoint counsel to represent Plaintiff-Appellant at the hearing held herein in the District Court."

As concerns the first assignment of error, it was the appellant's contention that while he was incarcerated in the Canyon County Jail pending disposition of the criminal charge against him, he was subject to duress by the sheriff leading to his plea of guilty to the forgery charge. The basis of such contention was that appellant at the time of his arrest was suffering from the effects of four operations he received in the Veteran's Hospital, where he had been a patient from February 27 until October 12, 1964, and again from November, 1964 until February, 1965. Two of his operations were for a ruptured disc, one for ulcers and the fourth for appendicitis. Appellant contends that while he was in the county jail following his arrest, the sheriff failed to provide him with adequate medication and deprived him of proper and adequate medical care, and in order to get proper medical care he pled guilty.

The trial court found, contrary to appellant's contentions, that while he was in the county jail he saw the county physician a number of times and his own private physician at least twice and was given prescriptions prescribed by his doctors and had X-rays taken at the Caldwell hospital. The trial court also found that appellant received a special diet as prescribed by his doctors. The trial court found against the appellant's contention that he was coerced in entering his plea of "guilty" to the charge of forgery.

Appellant was placed in the Canyon County Jail on July 8, 1965. The judgment of the trial court finding him guilty was entered on September 10, 1965. Appellant was represented by an attorney during the time he was in the county jail and also at the time of his arraignment in district court when he entered his plea of guilty.

During his stay in the county jail he was examined by the county physician and visited by the county physician on other occasions, and received several prescriptions paid for by the county. He also consulted with his own physician and was taken by the county officers to his physician's office and was examined there, following which he was later taken to the hospital for X-rays. Several prescriptions were filled at county expense. The record amply supports the trial court's findings and its conclusions of law that appellant was not coerced by the sheriff, or other officers into entering his plea of guilty to the charge of forgery.

In Austin v. State, supra, this court had before it the issue of whether an inmate of the penitentiary had been coerced into entering a plea of guilty. At the hearing before the district court on Austin's petition the state presented no evidence rebutting the prima facie case made out by Austin, who, at the time he entered his plea of guilty, had not been represented by counsel. This court reversed the cause and remanded it with directions to reopen the hearing and receive additional evidence, requiring the court to appoint counsel for Austin, should the state elect to proceed further. In Austin v. State, this court stated:

"Although this court has said that a petitioner in habeas corpus proceedings is not entitled, as of right, to have an attorney appointed by the court at public expense, Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475, cert. den. 356 U.S. 941, 78 S.Ct. 785, 2 L.Ed.2d 816 (1956), in the case of a petition by one incarcerated on a conviction of criminal offense, where it appears that the petition is not frivolous, but presents an issue requiring a hearing, the district court should appoint counsel to represent the petitioner if he is financially unable to obtain counsel for himself. (citations.)" 422 P.2d at 74.

This case is distinguishable from the Austin case in that at the time Austin pled guilty, he was never represented by counsel; here, however, Wilbanks was represented by able counsel during the time he was incarcerated in the county jail and at the time he appeared before the district court wherein he entered his plea of guilty to the crime of forgery as charged in the information. Cf. Burge v. State, 90 Idaho 473, 413 P.2d 451. Moreover, in this proceeding Wilbanks was afforded full opportunity to secure the services of counsel had he desired, the hearing on his petition being continued on one occasion to enable him to secure an attorney, following which appellant advised the court that he wished to represent himself. Nowhere does it appear from the record that there were any additional facts available to the appellant that were not presented by him to the court. All witnesses requested by him were brought before the court and they testified as to the facts as they knew them to be.

The issue of whether a plaintiff in a habeas corpus proceeding is entitled as a matter of right to appointment of counsel to represent him in case of his indigency has been considered in a number of cases. The Supreme Court of the United States to date has not required appointment of counsel in such collateral proceedings. See: LaClair v. United States, 374 F.2d 486 (7th Cir. 1967); United States ex rel. Wissenfeld v. Wilkins, 281 F.2d 707 (2nd Cir. 1960).

In United States ex rel. Marshall v. Wilkins, 338 F.2d 404 (2nd Cir. 1964) it is stated that: "Because habeas corpus is nominally civil in nature, the Sixth Amendment [right to assistance of counsel] does not apply." In Dillon v. United States, 307 F.2d 445 (9th Cir. 1962) it is stated:

"As this court has pointed out, the appointment of counsel may sometimes be mandatory even in those areas in which the Sixth Amendment does not apply. This is true when the circumstances of a defendant or the difficulties involved in presenting a particular matter are such that a fair and meaningful hearing cannot be had without the aid of counsel. Compliance with the due process clause of the Fifth Amendment then requires that counsel be appointed."

In LaClair v. United States, 374 F.2d 486 (7th Cir. 1967), the Court of Appeals pointed out that the United States Supreme Court had not as yet required appointment of counsel as a matter of right in habeas corpus proceedings at the trial level. It there also was pointed out that other circuit courts considering the issue have held that the Sixth Amendment does not apply in habeas corpus proceedings or proceedings under 28 U.S.C.A. § 2255, but that in some cases the due process clause of the Fifth Amendment could require appointment of counsel, and that unless the due process clause requires appointment of counsel the question is one for the sound discretion of the trial court. Therein the court stated:

"We hold that the law in this circuit is that appointment of counsel for indigents in habeas corpus and section 2255 [28 U.S.C.A. § 2255] proceedings rests in the sound discretion of district courts unless denial would result in fundamental unfairness impinging on due process rights." 374 F.2d at 489.

In United States ex rel. Marshall v. Wilkins, 338 F.2d 404 (2nd Cir. 1964), it is stated:

"We do not hold that counsel must be appointed in every habeas corpus case in which a hearing is required. There are cases in which the factual issues are so well-defined that the court may rely on its own questioning. In most cases, however, if the district court believes that the petition requires a hearing, the better course would seem to be to appoint counsel for the petitioner where he is financially unable to retain counsel." 338 F.2d at 406.

The New York Court of Appeals held in People v. Monahan, 17 N.Y.2d 310, 270 N.Y.S.2d 613, 217 N.E.2d 664 (1966), that an indigent is entitled upon request to have counsel assigned to represent him in the trial court at a coram nobis hearing. The Supreme Court of California in People v. Shipman, 62 Cal.2d 226, 42 Cal.Rptr. 1, 397 P.2d 993 (1965), likewise has held that in coram nobis proceedings an indigent defendant is entitled to the appointment of counsel at the trial level. See also: State v. Randolph, 32 Wis.2d 1, 144 N.W.2d 441 (1966), regarding appointment of counsel at the appellate court level on denial of writ of error coram nobis.

This court in Freeman v. State, 87 Idaho 170, 392 P.2d 542, held that failure to appoint counsel for a prisoner prior to hearing upon his petition for writ of habeas corpus was not improper where the prisoner made no request for counsel, and the existence of special circumstances necessitating the services of counsel at hearing was not shown. Austin v. State, supra, is an application of the holding in Freeman v. State, supra, for in the Austin case there were circumstances presented necessitating the appointment of counsel on remand of the case for further proceedings.

■ This appellant made no request that counsel be appointed prior to his hearing; the record is devoid of evidence as to whether appellant was financially unable to secure the services of his own attorney; and no special circumstances appear from the record which would necessitate remand of the cause for the sole reason that counsel had not been appointed.

Judgment of dismissal is affirmed.

TAYLOR, C. J., and SMITH, McQUADE, and SPEAR, JJ., concur.