162 P.3d 781

**Sidney David DOPP, Petitioner–
Cross Appellant,**

v.

**IDAHO COMMISSION OF PARDONS
AND PAROLE, Olivia Craven, Re-
spondents–Cross Respondents.**

**No. 32589.**

Court of Appeals of Idaho.

May 24, 2007.

Review Denied July 6, 2007.

Sidney D. Dopp, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Krista L. Howard, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Sidney David Dopp appeals the dismissal of his petition for a writ of habeas corpus. He contends that the district court erred in holding that the individual who conducted a psychological examination of Dopp in antici-

pation of his parole hearing was not required to be licensed, and in concluding that Idaho Code § 20–223 did not create a right that Dopp could enforce. We affirm.

## I.

## BACKGROUND

This case returns to us after a remand ordered in *Dopp v. Idaho Com'n of Pardons & Parole*, 139 Idaho 657, 84 P.3d 593 (Ct. App.2004). Dopp was sentenced to prison for several felonies, including sex offenses, committed in 1989. Dopp was considered for parole at a hearing in April 1999, but was denied parole and was passed to his full-term release date. He thereafter filed a petition for a writ of habeas corpus alleging that in denying parole, the Commission of Pardons and Parole (the Commission) violated his due process rights, equal protection rights, and other rights. His petition was dismissed, and he appealed to this Court.

In the previous appeal, we determined that most of Dopp's claims had no merit, and we affirmed the dismissal of those. We concluded that further examination was necessary, however, as to Dopp's claim that he was entitled to relief because the Commission had violated I.C. § 20–223. At the time of Dopp's parole hearing,[1] this statute provided that no person serving a sentence for certain sex offenses could be released on parole "except upon the examination and evaluation of one (1) or more psychiatrists or psychologists to be selected by the commission. . . ." Dopp argued that the Commission violated this statute because the psychological evaluator who examined him was not a licensed psychiatrist or psychologist. We remanded the case for further development on the factual question whether the individual who evaluated Dopp was licensed and on legal issues that had not been addressed by the trial court or addressed by the parties in their briefing— whether individuals conducting evaluations pursuant to section 20–223 must be licensed, and if so whether section 20–223 creates a

right enforceable by those being considered for parole.

Upon remand, the State acknowledged that the psychological evaluator was not a licensed practitioner at the time he evaluated Dopp. The district court scheduled a hearing on the other issues. Dopp filed a motion requesting leave to conduct discovery to obtain the psychological test results utilized at his April 1999 parole hearing and information about the psychological evaluator's training and licensing. He also requested that an expert witness and an attorney be provided for him at county expense. The district court denied these motions. In an initial memorandum decision and order, the district court concluded that under I.C. § 20–223, the evaluator was required to be a licensed psychologist or psychiatrist, but held that the statute did not create a right enforceable by a prospective parolee. Because the evaluation was not done by a licensed individual, the court ordered that a new psychological evaluation be conducted by a licensed practitioner. Upon the State's motion for reconsideration, however, the district court amended its opinion and held that regardless of whether licensure was required under I.C. § 20–223, the evaluator in Dopp's case was exempt from these requirements by terms of I.C. § 54–2302(f). The district court thereupon dismissed the petition pursuant to I.R.C.P. 12(b)(6) for failing to state a claim upon which relief could be granted. Dopp appeals the denial of his motions and the dismissal of his petition.

## II.

## ANALYSIS

### A. Motion for Discovery

■ Upon remand, Dopp moved to be permitted to conduct discovery so that he could obtain a copy of his psychological evaluation and information about the educational background and licensure of the evaluator. In habeas corpus actions, discovery is governed by I.C. § 19–4210, which states:

---

1. This statute has since been amended to provide that this examination may be done by a psychia-
trist, psychologist, or *mental health professional.*

(1) Discovery shall not ordinarily be permitted in habeas corpus cases.

(2) No discovery shall be permitted if the issues raised by the petition, the response or reply are wholly legal in nature.

(3) If factual issues are raised by the pleadings, the court may, upon motion, grant leave for discovery in accordance with Idaho rules of civil procedure.

(a) The party must file a motion for leave to conduct discovery, attaching a copy of the discovery sought.

(b) If the court finds that discovery is necessary to protect or defend a substantive state or federal constitutional right at issue, it shall enter an order tailored to allow discovery for that limited purpose.

Of the three issues to be addressed upon remand in this case, only the question whether the evaluator was licensed was a factual issue upon which discovery could potentially be ordered, and the State stipulated that the evaluator had no license. Given that the only factual issue to be determined was uncontested in Dopp's favor, discovery of the evaluator's qualifications was unnecessary. Dopp's request for a copy of his psychological evaluation was not relevant to whether the evaluator was required to be licensed. Therefore, the district court did not err in denying the request for discovery.

**B. Motion for Appointed Counsel**

■ Dopp also moved that counsel be appointed to assist him on the hearing conducted in the district court after the remand. There is no statutory basis for appointing counsel in a habeas corpus proceeding. *Quinlan v. Idaho Com'n for Pardons and Parole,* 138 Idaho 726, 729–30, 69 P.3d 146, 149–50 (2003). To the extent that cases previous to *Quinlan,* such as *Banks v. State,* 128 Idaho 886, 889, 920 P.2d 905, 908 (1996), indicated that a court had discretion to appoint counsel in a habeas corpus action pursuant to provisions of the Uniform Post Con-

viction Procedures Act contained in I.C. § 19–4904, they are effectively overruled by *Quinlan,* which held that the UPCPA is not applicable. *See also Drennon v. Craven,* 141 Idaho 34, 40, 105 P.3d 694, 700 (Ct.App.2004).

■ Nor does the Sixth Amendment right to counsel in criminal proceedings apply in this case. Because habeas corpus actions are civil in nature, the Sixth Amendment right to counsel does not attach. *Wilbanks v. State,* 91 Idaho 608, 610, 428 P.2d 527, 529 (1967); *Freeman v. State,* 87 Idaho 170, 180, 392 P.2d 542, 548 (1964). There is some suggestion in *Wilbanks,* 91 Idaho at 611, 428 P.2d at 530, and *Freeman,* 87 Idaho at 180, 392 P.2d at 548, that in special circumstances, the Due Process Clause could require appointment of counsel. *See also Knaubert v. Goldsmith,* 791 F.2d 722, 728 (9th Cir.1986) (questioning whether denial of the federal habeas petitioner's motion for appointment of counsel amounted to a denial of due process). No such extraordinary circumstances are present here, however. With the only factual issue for resolution on remand having been conceded by the State, and the only legal issues turning upon the interpretation of the language of a single statute, this case was not unusually complex or too challenging for a pro se presentation. Therefore, the absence of appointed counsel did not violate Dopp's right to due process. The district court did not err in denying Dopp's motion for counsel.[2]

**C. Motion for an Expert Witness**

■ Dopp also asked the district court to appoint an expert in psychology to assist Dopp in this case. He argues that he needed an expert to explain why licensure should be required for anyone who conducts psychological evaluations. Dopp has cited no applicable law calling for the appointment of an expert at public expense for a petitioner in a habeas corpus case. Even assuming, howev-

---

**2.** We also note that there were only two legal issues presented on remand-whether the statute required licensure, and whether Dopp had a cause of action under the statute-both of which are also raised in this appeal. The State Appellate Public Defender (SAPD) was appointed to represent Dopp on appeal. Although Dopp dis-

charged the SAPD after an initial appellate brief was filed, an attorney has made arguments on both of these issues, and we have taken the SAPD's arguments into consideration in addition to Dopp's pro se appellate brief. Dopp therefore has received the benefit of an appointed attorney to present his legal arguments to this Court.

er, that the court had authority to appoint an expert, there was no error in its declining to do so. An expert's opinion regarding the merit of allowing psychological evaluations to be conducted only by licensed evaluators would be of no relevance to the legal determination of whether I.C. § 20–223 required licensure. Furthermore, as we determine below, Dopp has no right to enforce any licensure requirement that may be mandated by this statute because the statute is not designed to protect potential parolees. Therefore, the district court did not err in denying Dopp's motion for appointment of an expert.

### D. Dopp Does Not Have an Enforceable Right Under I.C. § 20–223

We next consider whether Dopp, as an inmate being considered for parole, possesses a right of action to enforce any licensure requirement that may be found in I.C. § 20–223. Because we conclude that he does not, we need not decide whether the statute required that psychological evaluators be licensed at the time when Dopp was evaluated or whether some exception exempted the evaluator from any licensing requirement. Even assuming that the statute required licensed evaluators, the State's failure to follow the statute gave Dopp no cause of action because he is not among the class of individuals that the provision was designed to protect.

When a statute like I.C. § 20–223 is silent regarding private enforcement, courts generally may recognize a private right of action only if it is necessary to assure effectiveness of the statute. *Foster v. Shore Club Lodge, Inc.,* 127 Idaho 921, 926, 908 P.2d 1228, 1233 (1995); *White v. Unigard Mut. Ins. Co.,* 112 Idaho 94, 730 P.2d 1014 (1986). In *White,* the Supreme Court analyzed whether an insured person could sue the insurer for violations of Idaho's Unfair Claims Settlement Practices Act committed in connection with the settlement of the insured's claim. The Court ultimately held that a private right of action did not exist under that particular statute, and in so doing quoted the RESTATEMENT (SECOND) OF TORTS § 874A, which provides:

*When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate in furtherance of the purpose of the legislation and needed to assure the effectiveness of the provision, accord to an injured member of the class a right of action....*

(emphasis added). Thus, only persons who are among the class of individuals that a statute is designed to protect may bring an action for a violation of the statute. This principle was recognized over ninety years ago in *State v. American Surety Co. of New York,* 26 Idaho 652, 145 P. 1097 (1914), where the Court said:

[A]n individual has no right of action against a public officer for breach of a [statutory] duty which he owes to the public only, even though such individual is specifically injured thereby.

But it is equally well settled that if the plaintiff can show that the [statutory] duty was imposed for his benefit, and that the Legislature had in mind his protection in passing the act in question, and intended to give him a vested right in the discharge of that duty, then this will give him such an interest as will support an action.

*Id.* at 671, 145 P. at 1102–03 (citations omitted).

While factually dissimilar, *Ehco Ranch, Inc. v. State ex rel. Evans,* 107 Idaho 808, 693 P.2d 454 (1984) is illustrative. There, buyers had purchased land from the state, including the mineral rights to that land. The buyers defaulted on the purchase and the state declared that the buyers had forfeited the land. The buyers were later allowed to apply for reinstatement of the prior purchase contracts. In the interim, however, the legislature had passed a statute that provided that the state reserved the mineral rights on the sale of this category of land. The buyers brought an action to quiet title, contending that they, not the state, owned the mineral rights. Among other arguments, the buyers noted that the state had failed to follow statutory requirements for recording the forfeitures in county records. They as-

serted that this meant there was no notice with regard to the conditions of forfeiture, and thus that the forfeitures were invalid. The Supreme Court held that the notice requirements of recording acts were not intended to protect defaulting purchasers, and thus the buyers could not rely on this statute to create a right of action. *See also Yoakum v. Hartford Fire Ins. Co.*, 129 Idaho 171, 176, 923 P.2d 416, 421 (1996) (plaintiff did not have a private right of action based on the violation of certain criminal statutes because criminal statutes are not designed to protect any special class of persons and legislature did not intend to create a private remedy); *Ostrander v. Farm Bureau Mut. Ins. Co. of Idaho, Inc.*, 123 Idaho 650, 851 P.2d 946 (1993) (alleged violation of Age Discrimination Employment Act and Idaho Human Rights Act did not give terminated independent contractor a cause of action when she did not show that she was in the class of persons protected by these legislative provisions, and the statutes applied exclusively to employees, not to independent contractors).

In this case, much as in *Ehco Ranch*, Dopp has asserted the State's actions were invalid and that he has a right to relief because the State did not follow certain procedural requirements set forth in a statute. As in *Ehco Ranch*, Dopp's assertion fails because he is not a member of the class of persons the statute is designed to protect. At the time of Dopp's parole hearing, I.C. § 20–223(b) provided, "No person serving a sentence for [various sex offenses] shall be released on parole except upon the examination and evaluation of one (1) or more psychiatrists or psychologists to be selected by the commission and such evaluation shall be duly considered by the commission in making its parole determination." The statute plainly is not designed for the protection of prisoners. The evaluation of the potential parolee is not a therapeutic examination and is not pre-

pared for the potential parolee's benefit. Rather, the examination is a psychological profile prepared for the edification of the Commission, which must determine whether a prisoner is "able and willing to fulfill the obligations of a law-abiding citizen" and whether his release is "in the best interests of society." I.C. § 20–223(c). Ultimately, the statute is designed to protect the public from sex offenders whose character or high likelihood of reoffense, as revealed by a psychological evaluation, suggests that they are not appropriate candidates for parole. Because a potential parolee is not among the class of persons that the statute is intended to benefit or protect, Dopp does not have a right to enforce any requirement, implied in the statute, that such evaluations be conducted only by licensed psychiatrists or psychologists. Dopp's habeas corpus petition therefore did not state a claim upon which relief could be granted, and the district court properly dismissed it.[3]

## III.

## CONCLUSION

The district court did not err in denying Dopp's various motions. Further, Dopp is not among the class of individuals protected by I.C. § 20–223 and therefore does not have a private right of action to enforce any statutory requirement that the psychological evaluator be licensed. Accordingly, the dismissal of Dopp's petition for writ of habeas corpus is affirmed.

Chief Judge PERRY and Judge GUTIERREZ concur.

---

**3.** To the extent that Dopp argues that psychological examination by an unlicensed individual violated his due process or equal protection rights, or that he has been subject to cruel and unusual punishment, these arguments are not properly presented on this appeal. These issues are either arguments that we addressed and rejected in the previous appeal, or are new arguments not brought in the initial appeal. Under the law of

the case doctrine, we will not revisit issues that have previously been decided by an appellate court, *State v. Creech*, 132 Idaho 1, 9, 966 P.2d 1, 9 (1998), and an issue that could have been, but was not, presented in a previous appeal, is waived and will not be considered by an appellate court upon a second appeal in the same action. *State v. Searcy*, 120 Idaho 882, 883, 820 P.2d 1239, 1240 (Ct.App.1991).