**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37785**

| | | |
|---|---|---|
| KEVIN BROWN, | ) | 2011 Unpublished Opinion No. 417 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 28, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| IDAHO PAROLE COMMISSION, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Orders dismissing petition for writ of habeas corpus, denying appointment of counsel, and denying motion to reconsider denial of counsel, <u>affirmed</u>.

Kevin Brown, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; William M. Loomis, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Kevin Brown, an inmate, appeals pro se from the district court's orders dismissing his petition for a writ of habeas corpus, denying his motion for appointment of counsel, and denying his motion to reconsider denial of appointment of counsel.

**I.**

**FACTS AND PROCEDURAL BACKGROUND**

On February 19, 2010, Brown filed a pro se petition for a writ of habeas corpus. The petition alleged that Brown was entitled to credit against his sentence for 459 days that he served on parole prior to revocation of his parole. The petition asserted that a provision of Idaho Code § 20-228 calling for forfeiture of time spent on parole unless the Commission of Pardons and Parole, in its discretion, grants credit against the sentence, violates constitutional provisions relating to double jeopardy, equal protection, and due process. Brown also moved for appointment of counsel. The district court denied Brown's motion for appointment of counsel

1

on March 1, 2010. On March 23, 2010, the Commission filed a motion to dismiss Brown's petition. Brown was given thirty days to respond to the Commission's motion to dismiss, but he filed no response. On May 10, 2010, the district court entered an order dismissing Brown's habeas corpus petition, concluding that all of Brown's claims failed as a matter of law.

After receiving from the district court a copy of the court's register of actions for this case on May, 7, 2010,[1] Brown filed a motion and affidavit for reconsideration of appointment of counsel on May 13, 2010. Brown's May 13, 2010, motion for reconsideration was identical to his original motion for appointment of counsel except for the addition of one line generally indicating that he was having problems receiving his legal mail and his attachment of an Idaho Department of Correction (IDOC) concern form and a May 7, 2010, mail log. On the IDOC concern form, Brown indicated he had not received any legal mail since January 25, 2010. Brown's mail log lists two items of received mail, one from the district court on January 25, 2010, and one from the Parole Commission on April 1, 2010. After ruling that Brown had not shown any extraordinary circumstances necessitating the appointment of counsel, the district court denied Brown's motion for reconsideration on May 24, 2010.

On appeal, Brown argues that several constitutional rights were violated when the Commission refused to grant him credit for time served on parole. He also contends that the district court erred by denying his motion for appointment of counsel and by denying his motion for reconsideration of his request for counsel because of the particular complexities of his case and because of prison officials' interference with Brown's legal mail.

## II.

## ANALYSIS

### A.     Constitutional Claims in Habeas Corpus Petition

A writ of habeas corpus is a proper mechanism for challenging an unlawful confinement and is a constitutionally-provided remedy. *See* IDAHO CONST. art. I, § 5; Idaho Code § 19-4201, *et seq.*; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Dopp v. Idaho Comm'n of Pardons & Parole*, 144 Idaho 402, 404, 162 P.3d 781, 783 (Ct. App. 2007); *Drennon v. Fisher*, 141 Idaho 942, 944, 120 P.3d 1146, 1148 (Ct. App. 2005). As habeas corpus proceedings are civil in nature, the Idaho Rules of Civil Procedure generally apply. Idaho Code

---

[1]     The register of actions dated May 7, 2010, may have been sent to Brown as a result of an April 26, 2010, letter he sent to the court asking the status of his case.

2

§ 19-4208; *Quinlan v. Idaho Comm'n for Pardons & Parole,* 138 Idaho 726, 729, 69 P.3d 146, 149 (2003); *Hoots v. Craven*, 146 Idaho 271, 275, 192 P.3d 1095, 1099 (Ct. App. 2008); *Lopez v. State*, 128 Idaho 826, 827, 919 P.2d 355, 356 (Ct. App. 1996). An appellate court will affirm a trial court's grant of an I.R.C.P. 12(b)(6) motion to dismiss a habeas corpus petition where the record demonstrates that no genuine issues of material fact exist and the case was decided as a matter of law. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999); *Gibson v. Bennett*, 141 Idaho 270, 273, 108 P.3d 417, 420 (Ct. App. 2005). When reviewing a dismissal pursuant to Rule 12(b)(6), the nonmoving party is entitled to have all inferences from the record and pleadings viewed in his or her favor. *Gibson*, 141 Idaho at 273, 108 P.3d at 420. The issue is not whether the petitioner will ultimately prevail, but whether the party is entitled to offer evidence to support the claims. *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995).

Brown's habeas corpus claims turn upon the application in his case of the provision in I.C. § 20-228 that following revocation of parole, the prisoner "must serve out the sentence, and the time during which such prisoner was out on parole shall not be deemed a part thereof; unless the Commission, in its discretion, shall determine otherwise . . . ." We consider first Brown's contention that the Commission's refusal to credit to his sentence 459 days he spent on parole subjected him to multiple punishments for the same offense. Whether a defendant's prosecution or punishment complies with the constitutional protection against double jeopardy is a question of law over which we exercise free review. *State v. Santana*, 135 Idaho 58, 63, 14 P.3d 378, 383 (Ct. App. 2000).

The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. This guarantee includes protection against multiple criminal punishments for the same offense. *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *State v. McKeeth*, 136 Idaho 619, 622, 38 P.3d 1275, 1278 (Ct. App. 2001). In *Gibson*, this Court rejected the same double jeopardy argument now advanced by Brown. We explained:

> [R]evocation of probation does not impose an additional punishment for the originating crime because it involves only the enforcement of conditions already imposed.
>
> The revocation of Gibson's parole constituted enforcement of a statutorily authorized condition of parole--that the time spent on parole would not count towards the completion of the judicially imposed sentences. *See* I.C. § 20-228.

3

> Similar to probation revocation, the reincarceration resulting from the violation of the terms of parole is not a separate punishment for Gibson's underlying criminal offenses. Accordingly, Gibson's double jeopardy claim fails as a matter of law.

*Id.* at 276, 108 P.3d at 423 (citations omitted). For the same reasons, the district court correctly concluded that Brown's double jeopardy claim fails as a matter of law.

Brown's argument that he was denied equal protection of the law as a result of the Commission's forfeiture of his time served while he was on parole also fails because Brown has not shown that he was treated any differently than any other similarly situated parolee subject to forfeiture of time served under I.C. § 20-228. The Equal Protection Clause is designed to assure that those persons similarly situated with respect to governmental action are treated similarly. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *State v. Missamore*, 119 Idaho 27, 33, 803 P.2d 528, 534 (1990); *State v. Hayes*, 108 Idaho 556, 560, 700 P.2d 959, 963 (Ct. App. 1985). *See also Aeschliman v. State*, 132 Idaho 397, 401, 973 P.2d 749, 753 (Ct. App. 1999) (holding that equal protection requires that persons in similar circumstances receive the same benefits and burdens of the law). Selective or discriminatory enforcement or application of a statute may amount to an equal protection violation under the Idaho or United States Constitution if the challenger shows a deliberate plan of discrimination based on some unjustifiable classification. *Anderson v. Spalding*, 137 Idaho 509, 514, 50 P.3d 1004, 1009 (2002); *Henson v. Dep't of Law Enforcement*, 107 Idaho 19, 23, 684 P.2d 996, 1000 (1984); *Hayes*, 108 Idaho at 560, 700 P.2d at 963. Alternatively, a "class of one" may state an equal protection claim if he or she was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Viking Const., Inc. v. Hayden Lake Irr. Dist.*, 149 Idaho 187, 198-99, 233 P.3d 118, 129-30 (2010); *Anderson*, 137 Idaho at 514, 50 P.3d at 1009. Brown has not alleged facts to demonstrate that in applying I.C. § 20-228, the Commission treated him differently than any other similarly situated parolee or effectuated any deliberate plan of discrimination based on an arbitrary or unjustified classification. Thus, the district court was correct in concluding that Brown's equal protection claim fails as a matter of law.

4

Brown's final challenge to I.C. § 20-228 is that it violates due process[2] by allowing the Commission to forfeit 459 days he spent on parole rather than credit this time against his sentence. According to Brown, he possessed a liberty interest in receiving such credit against his sentence that was not protected during the Parole Commission's proceedings. Like the district court, we find this assertion to be without merit.

An inmate has a limited liberty interest in continuing parole, and is therefore entitled to due process before parole may be revoked. *Morrissey v. Brewer*, 408 U.S. 471, 482-83 (1972); *State v. Rose*, 144 Idaho 762, 766, 171 P.3d 253, 257 (2007). *See also Mattoon v. Blades*, 145 Idaho 634, 637, 181 P.3d 1242, 1245 (2008); *Craig v. State*, 123 Idaho 121, 124, 844 P.2d 1371, 1374 (Ct. App. 1992). This due process requirement for revocation of parole is satisfied by an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the Commission's exercise of discretion will be informed by an accurate knowledge of the parolee's behavior. *Morrissey*, 408 U.S. at 484; *Mattoon*, 145 Idaho at 637, 181 P.3d at 1245. Because I.C. § 20-228 grants statutory authority to the Commission to forfeit time spent on parole, the relevant question is whether the process whereby parole is revoked affords due process. As our Supreme Court has explained:

> I.C. § 20-228 does not implicate due process concerns. Mattoon is entitled to only limited due process in the revocation of parole because of his limited liberty status. As such, the forfeiture of his parole pursuant to a valid parole revocation hearing satisfies due process requirements.

*Mattoon*, 145 Idaho at 638, 181 P.3d at 1246.

Brown has not alleged that he was not afforded due process during his parole revocation hearing. The substance of Brown's complaint is that his time served on parole should not be forfeited at all--not that it was forfeited without the requisite procedural protections. Therefore, the district court did not err in dismissing Brown's due process/liberty interest claim.

## B.    Request for Counsel

Brown also argues that the district court erred by not appointing counsel to represent him. In a habeas corpus proceeding, the petitioner has no mandatory right to appointed counsel.

---

[2]    This Court has held that "the due process guarantees under the federal and state constitutions are substantially the same" and therefore arguments claiming violation of both federal and state due process protections will be addressed together. *State v. Shelton*, 129 Idaho 877, 879, 934 P.2d 943, 945 (Ct. App. 1997).

*Dopp*, 144 Idaho at 405, 162 P.3d at 784; *Quinlan*, 138 Idaho at 730, 69 P.3d at 150. There is no statutory right to counsel under I.C. § 19-852 or § 19-4904, *Dopp*, 144 Idaho at 405, 162 P.3d at 784; *Quinlan*, 138 Idaho at 730, 69 P.3d at 150; and the Sixth Amendment right to counsel does not attach because a habeas action is civil in nature. *Dopp*, 144 Idaho at 405, 162 P.3d at 784. Under extraordinary circumstances, there may be a due process right to counsel, but these special circumstances do not exist where the case is not unusually complex. *Id.*

Here, we have held that Brown's underlying claims are unmeritorious on their face. He has made no showing of any potentially meritorious claim at all, much less one of such complexity that due process might require appointment of counsel; nor has he shown any other extraordinary circumstances necessitating the services of counsel. Thus, the district court did not err in denying Brown's initial motion for appointment of counsel.

Brown contends that the district court should have granted his motion for reconsideration of the denial of counsel because prison officials interfered with his mail, withheld his mail, and rerouted it, thereby preventing him from making a timely reply to the Commission's motion to dismiss his petition for a writ of habeas corpus. According to Brown's briefing on appeal, he did not receive a copy of the State's motion until after the district court had already entered the order dismissing his petition.

We find no error. First, Brown never laid out to the district court his present contention that he did not receive the State's motion until after entry of the court's dismissal order. Rather, his motion to reconsider appointment of counsel merely made the vague statement that "Petitioner is now having problems getting his legal mail so he may defend his petition," and his supporting affidavit made a similarly vague statement that "I believe I am being retaliated against, for filing a claim against the Parole Commission, in way of not receiving my legal mail." Thus, Brown never made it clear to the district court that he allegedly had not received the State's motion to dismiss in time to respond to it.

Second, even if these alleged facts had been clearly stated to the district court, they did not present a circumstance requiring appointment of counsel since, as we have held above, Brown's claims for a writ of habeas corpus are unmeritorious on their face. Had these alleged facts been presented to the district court with a request for reconsideration of the dismissal order and an opportunity for Brown to respond to the dismissal motion, such relief would have been

6

warranted, but Brown never requested that relief. Even on appeal, he has not presented any argument that would constitute a valid basis for denial of the Commission's dismissal motion.

Finally, if and to the extent that Brown is attempting to assert on appeal a claim that interference with his mail deprived him of his constitutional right of access to the court, we will not address it because it was not raised below. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).

## III.

## CONCLUSION

The district court's orders denying Brown's motion for appointment of counsel and his motion for reconsideration of his request for counsel, and the district court's order dismissing Brown's petition for a writ of habeas corpus are affirmed.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR.**